## 38897. INDEMNITY INSURANCE COMPANY *et al.*
## v. O'NEAL.

DECIDED SEPTEMBER 6, 1961.

306

H. A. Stephens, Jr., Dent Acree, Smith, Field, Ringel, Martin & Carr, Richard D. Carr, for plaintiff in error.

Albert E. Butler, contra.

EBERHARDT, Judge. ■ It is well settled that the filing of a claim for compensation within the time required by *Code* § 114-305 with the State Board of Workmen's Compensation is jurisdictional, and unless it be shown that some fraud was practiced upon the employee that prevented his filing within the statutory time, the claim is barred. *Employers Mut. Liab. Ins. Co. v. Anderson*, 96 Ga. App. 509 (1) (100 SE2d 611); *Patterson v. Employer's Mut. Liab. Ins. Co.*, 99 Ga. App. 325 (108 SE2d 146).

■ If it be shown that fraud was practiced upon the employee by the employer, or his insurance carrier, and that such fraud prevented the timely filing of the claim with the board, the statute will be tolled if the employee acts, in the filing of his claim, promptly upon the discovery of the fraud. *Welchel v. American Mut. Liab. Ins. Co.*, 54 Ga. App. 511 (3) (188 SE 357).

To constitute fraud more is necessary than a mere reliance

by the employee upon a statement by her immediate superior that she would be "taken care of."

■ The determination of whether the conduct or representations of the employer were such as to prevent the filing of a timely claim by the employee with the board, and thus amount to the practice of a fraud upon her, is a factual one. A determination of such question, if supported by any competent evidence, is binding upon the courts, and the superior court may not, because it does not agree with the findings of the director or of the board, set them aside. *Department of Revenue v. Graham,* 102 Ga. App. 756 (117 SE2d 902), and many others to the same effect. Here the director made a finding, from the evidence, that the employee was not so prevented from filing her claim within the statutory period, and there was competent evidence in the record upon which to base the finding. Such finding was binding and conclusive upon the court, and it was error to set it aside.

*Judgment reversed. Carlisle, P. J., and Nichols, J., concur.*