40257, 40258.   McKINNLEY v. EMPLOYERS LIABILITY ASSURANCE CORPORATION et al.; and vice versa.

EBERHARDT, Judge. The award in this workmen's compensation case was erroneous because it failed to give the employer credit for wages paid by him, *Complete Auto Transit v. Davis,* 106 Ga. App. 369 (126 SE2d 909), and apparently contemplated allowing credit for wages paid by another employer. *U.S. Fidelity &c. Co. v. Davis,* 108 Ga. App. 76 (132 SE2d 109). Further, the evidence does not support an award of 60% disability nor does it appear that either the single director or the board made any finding on claimant's economic loss, if any, and whether or not the loss was caused by other matters or conditions rather than by his disability.

The fact-finding machinery of the board is the proper instrumentality to pass on these issues. For these reasons, we affirm the order of the superior court remanding the case to the board for further proceedings consistent herewith.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*

DECIDED JULY 9, 1963.

*Scott Walters, Jr.,* for plaintiff in error.
*John M. Williams,* contra.

Claimant was involved in a work-connected auto accident on August 29, 1960. He was hospitalized for one week and returned to work for the same employer. He worked at the same rate of pay until February 21, 1961, when he was laid off with other employees. He later returned to work with the same employer for several weeks and worked intermittently for other employers holding different positions at varying rates of pay, including some work in Florida after a labor dispute foreclosed further plumbing work in the Atlanta area. During all of this time he continued to complain because of his injury.

His orthopedist testified that, on his first visit, claimant complained of a problem with his upper spine, especially in his neck when he looked up. The physician's opinion was that this was a result of the work accident and caused claimant to be 10% disabled. On claimant's last visit, he had developed a problem with his leg which was diagnosed as a low-back disc injury. While the orthopedist rated claimant 50% disabled at that time, his opinion was that the problem was not related to the work accident.

The single director found the claimant entitled "to 60% of loss of earnings in any week he may earn less than [the stipulated average weekly wage of $159] . . . but not to exceed $20 per week." The full board affirmed (with the chairman dissenting), but the superior court reversed because, while there was evidence to show some disability and some loss of earnings, there was not sufficient evidence to support a 60% disability award nor "to show what part, if any, of such loss was due to economic conditions rather than physical disability." The court remanded the case to the board.

Claimant's main bill of exceptions assigns error on this reversal and remand. The employer-insurer's cross bill contends that the superior court should have entered a final order denying compensation because there was no evidence showing a loss of earnings.