40270. FIDELITY & CASUALTY COMPANY OF NEW YORK et al. v. BISHOP.

HALL, Judge. In this case an employer and insurer assign error on a judgment of the superior court remanding a claim to the State Board of Workmen's Compensation for a hearing on the merits, after the board had granted a motion to dismiss the claim on the ground it was barred by the statute of limitation. *Held:*

The filing of a workmen's compensation claim within one year

after the accident, as required by *Code* § 114-305, is jurisdictional; but if fraud practiced by the employer or his insurance carrier prevents the employee filing his claim the statute of limitation will be tolled, provided the employee acts promptly upon discovery of the fraud. *Indemnity Ins. Co. v. O'Neal*, 104 Ga. App. 305, 306 (121 SE2d 689). Fraud which will relieve the bar of the statute of limitation must be such as debars or deters the plaintiff from his action. That a plaintiff fails to sue on account of a mere uncertain and indefinite understanding, based on no consideration, would not be such fraud as would relieve the bar of the statute. *Printup v. Alexander & Wright*, 69 Ga. 553, 556. Accord, *Sutton v. Dye*, 60 Ga. 449; *Marler v. Simmons*, 81 Ga. 611, 613 (8 SE 190); *Crawford v. Crawford*, 134 Ga. 114, 123 (67 SE 673, 28 LRA(NS) 353, 19 AC 932); *Frost v. Arnaud*, 144 Ga. 26, 30 (85 SE 1028); *Brinsfield v. Robbins*, 183 Ga. 258 (188 SE 7); *Denson v. Denson*, 214 Ga. 8 (102 SE2d 605); *Carnes v. Bank of Jonesboro*, 58 Ga. App. 193, 196 (198 SE 338), affirmed 187 Ga. 795 (2 SE2d 495, 130 ALR 1).

In the present case the evidence showed that the claimant's accident occurred on September 15, 1960; that the insurer's representative stated to the claimant's attorney early in April 1961 that the insurer took the position that the injury was not covered by workmen's compensation, but they did not want a claim filed and if it could be settled reasonably they would pay rather than have a claim filed; that the claimant returned to work in August but was not then certain whether he had any permanent disability; that the attorney did not again contact the insurer concerning settlement until October 1961, a month after the one-year limitation had expired. A request for hearing was filed with the board on December 12, 1961, and the claimant's attorney stated at the hearing that except for the representation by the insurer he would have filed a claim in April. The granting of the employer and insurer's motion to dismiss the claim, on the ground that it was barred by the statute of limitation, was authorized; and, the trial court erred in remanding the case to the State Board of Workmen's Compensation for a hearing on the merits.

*Judgment reversed. Bell, P. J., and Pannell, J., concur.*

DECIDED SEPTEMBER 20, 1963—REHEARING
DENIED OCTOBER 4, 1963.

424

*Smith, Field, Ringel, Martin & Carr, Richard D. Carr, Willis-ton C. White,* for plaintiffs in error.

*Marson G. Dunaway, Jr.,* contra.