40721. U. S. CASUALTY COMPANY et al. v. OWENS.

DECIDED JUNE 17, 1964.

*Woodruff, Savell, Lane & Williams, John M. Williams, Raymond M. Dew, Jr.*, for plaintiffs in error.

*Harris, Chance, McCracken & Harrison, Henry T. Chance, Brown, Jeffries & Mazursky, R. M. Jeffries, Jr.*, contra.

FELTON, Chief Judge. "The filing of a workmen's compensation claim within one year after the accident, as required by *Code* § 114-305, is jurisdictional; but if fraud practiced by the employer or his insurance carrier prevents the employee filing his claim the statute of limitation will be tolled, provided the employee acts promptly upon discovery of the fraud. *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305, 306 (121 SE2d 689). Fraud which will relieve the bar of the statute of limitation must be such as debars or deters the plaintiff from his action. That a plaintiff fails to sue on account of a mere uncertain and indefinite understanding, based on no consideration, would not be such fraud as would relieve the bar of the statute." *Fidelity &c. Co. of N. Y. v. Bishop,* 108 Ga. App. 422 (133 SE2d 51), and cases cited.

Since there was evidence supporting the board's finding that the claimant was competent following the injury, we will not consider this issue in determining whether or not the claimant was defrauded of his right to file claim within the one-year limitation, although there was evidence from which it might have been found that he was incompetent at least some of the time.

There are several evidentiary facts which, it is contended, tolled the statute of limitation. One of these can be disposed of

by the proposition that the time for filing the claim is not tolled by the voluntary payment of wages or doctor's and hospital bills by the employer. *Withers v. Fulwood,* 89 Ga. App. 113, 115 (2) (78 SE2d 865), and citations. The board's ignored request to the carrier for certain forms was likewise insufficient to relieve the bar of the statute. The employee must affirmatively take some action within the one-year limitation, which he may do either by filing a claim, or by responding to the employer's request for a hearing and thus convert the hearing into a claim. *State Hwy. Dept. v. Cooper,* 104 Ga. App. 130, 134 (121 SE2d 258). The employer complied with his responsibility under the Act by filing with the insurance carrier the employer's first report of injury. There was certainly no legal obligation on his part to file a claim for the employee. Nor does it appear that the claimant made any further effort to obtain the requested forms or take any appreciable affirmative action for almost four years thereafter, at which time he finally filed his claim—almost five years after the injury. Even after consulting two different attorneys regarding a possible claim, he waited about two years before filing his claim.

Finally, the claimant contends that his friendship with the employer, plus the employer's oral statement that the employee would be taken care of whatever he might need, gave him the right to rely on the employer to file his claim for him, or possibly to take care of his financial needs for an indefinite period of time, perhaps for the rest of his life. In spite of the claimant's testimony referring to the employer as his "very good friend," on whose statement he relied, etc., there was ample evidence that he did not actually rely on this promise, but rather tried to get by with his own money for as long as he could and avoided asking him for money or even working for him as much as possible because he was so bad about paying his bills and he didn't think he would take care of him. Even if he had relied on this statement, however, the evidence shows that there was such a mere uncertain and indefinite understanding, based on no consideration, as would not amount to fraud which would debar or deter him from filing a claim within the one-year limitation.

The board's award dismissing the claim on the ground of the

statute of limitation was supported by competent evidence and no error of law appears; therefore the court erred in reversing the award.

*Judgment reversed. Frankum and Pannell, JJ., concur.*