## 42612. JEFFERS v. LIBERTY MUTUAL INSURANCE COMPANY et al.

FRANKUM, Presiding Judge. Findings of fact by the State Board of Workmen's Compensation are, in the absence of fraud, final and conclusive and are binding on the courts when there is any evidence to support them. *Maryland Cas. Co. v. England,* 160 Ga. 810 (129 SE 75); *Montgomery v. Maryland Cas. Co.,* 169 Ga. 746 (151 SE 363); *Maryland Cas. Co. v. Sanders,* 182 Ga. 594 (186 SE 693); *American Mut. &c. Ins. Co. v. Sisson,* 198 Ga. 623 (32 SE2d 295). One of the facts upon which a finding of the board is conclusive is whether or not the claimant has given to the employer notice of the occurrence of an accident within 30 days as required by the provisions of *Code* § 114-303, or whether his failure to do so comes within one of the exceptions set forth in the statute. *James v. Fite,* 38 Ga. App. 759 (145 SE 536); *Federated Mut. &c. Ins. Co. v. Elliott,* 88 Ga. App. 266, 268 (1) (76 SE2d 568). The only exception to the requirement that the employee shall give notice within 30 days of the accident thus provided for is where the employee by reason of physical or mental incapacity, or by reason of fraud or deceit is prevented from giving the notice. Where the evidence on behalf of the employee showed that he was injured on December 18, 1964; that from that date to December 28, 1964, the plant (his place of employment) was shut down for Christmas holidays, but thereafter was operating, and where it appeared that on December 28, the employee entered the hospital where he was treated for the back condition which he alleges resulted from his accident, and where it does not appear that

he was at any time unconscious or unable to send words to his employer by his wife, who visited him in the hospital virtually every day, and where he did not notify the employer of the occurrence of the accident until February 9, 1965, some 53 days thereafter, such evidence failed to show that the employee was prevented by reason of physical or mental incapacity from giving the notice within the time required by law. The mere fact that the employee was an illiterate, and that the employer failed to advise him orally that he should notify the employer of any accident which he might sustain, did not constitute fraud so as to relieve him of his obligation to report the accident. *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305, 306 (2) (121 SE2d 689); *U. S. Casualty Co. v. Owens,* 109 Ga. App. 834 (137 SE2d 543). It follows that the superior court did not err in affirming the award of the State Board of Workmen's Compensation which denied compensation to the claimant on account of his failure to timely notify the employer of the occurrence of the accident.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

SUBMITTED FEBRUARY 8, 1967—DECIDED APRIL 4, 1967.

*Johnson & Johnson, William P. Johnson,* for appellant.

*Greene, Buckley, DeRieux, Moore & Jones, Burt DeRieux, James A. Eichelberger,* for appellees.