47107.   COTTON STATES INSURANCE COMPANY et al. v. STUDDARD.

218

ARGUED APRIL 6, 1972—DECIDED APRIL 19, 1972—
REHEARING DENIED MAY 5, 1972.

Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash, for appellants.

Sharpe, Sharpe, Hartley & Newton, T. Malone Sharpe, for appellee.

DEEN, Judge. ■ Under Code § 114-305, unless the claim is filed within one year after the accident it is barred. The statute is tolled upon a showing that fraud was practiced upon the employee which prevented his filing the claim within the statutory time, and that he acted promptly upon the discovery of the fraud. Welchel v. American Mut. Liab. Ins. Co., 54 Ga. App. 511 (3) (188 SE 357); Indemnity Ins. Co. v. O'Neal, 104 Ga. App. 305 (2) (121 SE2d 689).

Also, the failure to file a claim within the period of limitation may be waived. Thigpen v. Hall, 46 Ga. App. 356 (167 SE 728); St. Paul-Mercury Indem. Co. v. Oakley, 73 Ga. App. 97 (35 SE2d 562); Maryland Cas. Co. v. Smith, 122 Ga. App 262 (176 SE2d 666).

We note that the award of the board was based on the tolling of the statute of limitation because of the affirmative acts of and promises to the claimant by the representatives of the insurer. The deputy director pointed out that Mrs. Studdard had an especial right to rely on directions given to her not to file the claim if such directions were received in her capacity as an officer of the employer

corporation. As an insured, the employer had a duty to co-operate with its insurer. And it is expecting too much of human nature to suppose that Mrs. Studdard could distinguish between the insurer's contractual relationship with her as an agent of the employer and its relation with her as an employee claimant. The award of the board is thus impliedly at least based on actionable fraud. The affirmance by the Judge of the Superior Court of Washington County by-passes the question of actual deception and artifice in the following finding: "'Waiver' involves voluntary and intentional relinquishment of a known right. At the time the representations of payment were made by the carrier's agent the claimant relied on them as a waiver of the carrier's rights. After the one-year limitation expired, claimant was justified in expecting the carrier to stand by its commitment. Carrier waived the limitation prior to the expiration of one year, and is estopped to reclaim the right that was relinquished by it."

Since there was in this case a clear waiver, as observed by the judge on appeal, it is unnecessary to decide whether the evidence is sufficient to support a finding of actual artifice or deceit. The company accepted liability and prevented the claimant from taking action through the compensation board. It waited out the last month or so of the limitation period (after Mrs. Studdard had discovered that there would be another operation and increased medical liability) until two days after the statutory cut-off date, and then informed the claimant that she must accept the settlement regardless of subsequent surgery or she would get nothing. An inference is authorized that the information that claimant could no longer rely on the statement that full settlement would be made upon her medical discharge could have been passed on to her as easily two days before the statutory ban as two days afterward. As stated in Young v. Sonoco Products Co., 210 S. C. 146 (41 SE2d 860): "The conduct of defendant and its insurance carrier may be such as to estop them from presenting the statutory limitation as a defense in bar of the claim for compensa-

tion, if the effect of such conduct was to mislead or deceive claimant, whether intentional or not, and induce him to withhold or postpone filing his claim petition until more than a year had elapsed from the occurrence of the accident." This conduct at the very least constitutes an estoppel on the part of the company to insist upon the bar of the statute of limitation. Although the bar is jurisdictional (*Employers Mut. Liab. Ins. Co. v. Anderson,* 96 Ga. App. 509 (100 SE2d 611)), this is the type of jurisdiction which, like jurisdiction of the person, may be waived by the conduct of the party otherwise entitled to insist upon it, it being personal to such party, or his conduct may be such, as here, to estop him from insisting upon it. See also *Stanley v. Sterling Mut. Life Ins. Co.,* 12 Ga. App. 475 (2) (77 SE 664).

■ The record shows clearly that when the employer, formerly a partnership, was incorporated, notice of such fact was given the insurer which continued to accept policy premium payments and which apparently issued an indorsement dated March 31, 1970, effective March 1, 1970, in the corporate name. No objection was made to this testimony as secondary evidence. There was no such failure of proof of coverage of the corporate employer as would void the award.

■ Error is enumerated on the refusal of the hearing director to sequester the witness Bobby Studdard. Such rulings are usually within the discretion of the trior of facts. See annotations to *Code* § 38-1703. Further, this witness, as the president of the defendant corporate employer was presumptively entitled for this reason also to be present at the hearing.

■ It is well settled that an employee who is entitled to compensation for injury but who has during a part of the entitlement time returned to work for the same employer and received the same or higher wages is to have deducted from the award the weeks during which such payment was received. *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369 (126 SE2d 909); *McKinley v. Employers Liability Assur-*

*ance Corp.,* 108 Ga. App. 181 (132 SE2d 545); *Bell v. Liberty Mut. Ins. Co.,* 108 Ga. App. 173 (132 SE2d 538). The question remains as to whether this rule applies where, although the claimant is totally disabled and does not report to work at all, her full wages are in fact paid and received by her for a part of the otherwise compensable time, whether in such event the employer and insurance carrier are entitled to take credit for the weeks in which these payments were made. The rule in most jurisdictions is that where an employee is paid his regular wage although he does no work at all, it is a reasonable inference that the payment is in lieu of compensation and that the employer is therefore entitled to credit for the weeks during which the full salary was paid. Mercury Aviation Co. v. Ind. Acc. Comm., 186 Cal. 375 (199 P 508); Tulley v. Am. Rad. & Stand. San. Corp., 8 App. Div. 2d 564 (183 NYS2d 688); Moss v. City of Philadelphia, 200 Pa. Super. 317 (228 A2d 47); Larson, Workmen's Compensation, (2d Ed.) p. 68, § 57.42.

*The judgment of affirmance is hereby affirmed in part and reversed in part, with direction that the defendant employer be given credit for payment of weekly compensation benefits as to all weeks after November 17, 1969, during which the claimant received her full salary. Clark, J., concurs. Eberhardt, P. J., concurs in the judgment only.*