## 51331. EMPLOYERS INSURANCE OF WAUSAU et al. v. NOLEN.

PANNELL, Presiding Judge.

The claimant was injured during the course of his employment on September 1, 1972. His claim for workmen's compensation benefits was dismissed by a deputy director of the State Board of Workmen's Compensation. The deputy director found that the claim was not filed within twelve months from the date of the accident, and the failure to file prior to the running of the statute of limitation was not occasioned by any fraud on the part of the employer or insurer.

The full board reversed the award of the deputy director and found in favor of the claimant. They found that the insurer was estopped from asserting the statute of limitation. This decision was appealed to the superior court, and the judge affirmed the award of the full board. The employer and insurance carrier appeal the order affirming the award of the full board. *Held:*

Shortly after claimant's injury, the insurance carrier sent claimant several checks for compensation benefits and informed claimant that he would be entitled to additional compensation benefits plus permanent disability benefits under the Georgia Workmen's

Compensation Law. On November 29, 1972, the insurer sent claimant two forms (No. 16A and No. 19A) and instructed him that they had to be signed and returned for approval by the State Board of Workmen's Compensation. From November, 1972 through August, 1973, claimant was repeatedly asked by the insurer to fill out the forms agreeing to compensation.

Claimant filled out and returned only form 19A in July, 1973. He testified that a representative from the insurance carrier told him by phone that the filing of form 19A would keep the statute from running out. He said that the insurer's representative led him to believe that he could "take his time with the form 16" if he filed the form 19A. He understood from the conversation that the filing of the forms had nothing to do with the "statute" regarding the permanent disability.

On August 1, 1973, the insurance carrier wrote the claimant and informed him that the form 19A would not toll the statute of the claim without the completion of form 16A. The insurer urged him to complete the other form. Written across the bottom of the letter was a note from the insurer's representative with whom claimant had spoken. The note said, "They have nothing to do with the permanent disability."

The findings of fact of the full board stated in pertinent part the following: "While the letter from the insurer dated August 1, 1973, includes in the typed portion a self-serving statement 'the signing of these forms, without the signing of Georgia Form 16A will do nothing to toll the statute of your claim' any effort by this declaration to reinstate a claim of the statute in the future was obfuscated by the handwritten note thereon informing the claimant, over the signature of Jean Daniel, however well-intentioned, that 'They have nothing to do with the permanent disability.' Viewed in the light of the claimant's testimony, as well as his written note dated July 23, 1973, set out above, he was led to believe that his permanent disability; i. e., loss of sight, was going to be settled later. . . The claimant, in failing to forward the tendered 16A forms directly to the insurer acted on the advice of the insurer, as shown above, and his father, and after signing the forms, gave the forms to his

father. His father forwarded these forms by letter dated September 13, 1973." The board found that the insurer had admitted liability, and that they were estopped from asserting the statute of limitation. Accordingly, the board awarded the claimant compensation for his disability.

The board's findings of fact were supported by the evidence and are conclusive on the reviewing court. *Rivers v. Travelers Ins. Co.,* 93 Ga. App. 779 (92 SE2d 818). The actions of appellant, as found by the board, misled the claimant and caused him to postpone the filing of his claim until more than a year had elapsed from the occurrence of the accident.

"As stated in Young v. Sonoco Products Co., 210 S. C. 146 (41 SE2d 860): 'The conduct of defendant and its insurance carrier may be such as to estop them from presenting the statutory limitation as a defense in bar of the claim for compensation, if the effect of such conduct was to *mislead* or deceive claimant, *whether intentional or not,* and induce him to withhold or postpone filing his claim petition until more than a year had elapsed from the occurrence of the accident.' This conduct at the very least constitutes an estoppel on the part of the company to insist upon the bar of the statute of limitation. Although the bar is jurisdictional (*Employers Mut. Liab. Ins. Co. v. Anderson,* 96 Ga. App. 509 (100 SE2d 611)), this is the type of jurisdiction which, like jurisdiction of the person, may be waived by the conduct of the party otherwise entitled to insist upon it, it being personal to such party, or his conduct may be such, as here, to estop him from insisting upon it. See also *Stanley v. Sterling Mut. Life Ins. Co.,* 12 Ga. App. 475(2) (77 SE 664)." (Emphasis supplied.) *Cotton States Ins. Co. v. Studdard,* 126 Ga. App. 217, 220 (190 SE2d 549). We recognize that the decision of this court in *Cotton States Ins. Co. v. Studdard,* supra, is not binding authority, because of Judge Eberhardt's concurrence in judgment only. However, we believe that the above ruling from the case is a correct statement of the law.

It follows that there was no error in the trial court's affirming the findings and award of the full board of the State Board of Workmen's Compensation.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED JANUARY 6, 1976.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., George L. Pope, Jr.,* for appellants.
*Wall & Fuller, Alford Wall,* for appellee.