## 53387. DAY v. BITUMINOUS CASUALTY CORPORATION et al.

Bell, Chief Judge.

Claimant in this workmen's compensation case was injured on December 11, 1973. An administrative law judge denied an award of compensation based on findings that claimant did not file her claim with the board until April 22, 1975, more than a year after the accident; that no fraud was practiced by the insurer against the claimant which prevented the filing of the claim within the statutory time of one year; and that the insurer was not estopped by the conduct of its employee from asserting the statute of limitation; and that even after claimant became aware in January 1975 that insurer was asserting the statute of limitation to deny her claim, the claimant did not thereafter promptly file her claim. The board on de novo consideration adopted the foregoing findings and the award. On appeal, the superior court held the evidence demanded a finding that the conduct of the insurer misled or deceived claimant and induced her to postpone filing her claim and therefore the employer/insurer were estopped from asserting the statute of limitation but that since the finding of fact that claimant after acquiring knowledge of the "fraud" of the insurer failed to promptly file her claim, affirmance of the board's award was required. *Held:*

1. Two of the enumerations of error all concern the issue of whether the finding that the claimant acted promptly in filing her claim after learning of the insurer's reliance on the statute of limitation was authorized by the evidence. This question, as we view the case, is immaterial and we need not decide it. The statute of limitation is tolled where the defendant by fraud debars or deters the plaintiff from taking action. Code § 3-807. The board, however, found as a fact and the evidence authorized that no fraud was practiced against this claimant by the insurer. The only claimed evidence of fraud is a statement made by an employee of the insurer in November 1974 that claimant could visit the insurer's doctor again; that he, the employee, would reopen her claim; and that claimant did not have to sign anything and her medical expenses would be paid, which in fact they were for 1973 and 1974. This does not constitute an intentional act of concealment or misrepresentation which would operate as a deterrent to claimant to file a claim with the Workmen's Compensation Board. See and compare *Hartford &c. Co. v. Snyder,* 126 Ga. App. 31 (189 SE2d 919). As there was no fraud the statute was not tolled and the claim was barred by Code § 114-305 a year after the accident or injury occurred. Whether plaintiff acted promptly after learning that the insurer was relying on it was of no consequence.

2. This same conduct affords no basis for finding that it operated to estop the employer/insurer from asserting the statutory bar. The board's finding to this effect was authorized.

3. A remaining enumeration that the evidence was construed liberally in favor of the employer/insurer has no merit.

4. While we affirm, we do so for none of the reasons stated by the superior court. A judgment which is right will be affirmed even though the lower court may have assigned an erroneous reason therefor. *Sims T. V., Inc. v. Fireman's Fund &c. Co.,* 108 Ga. App. 41 (131 SE2d 790).

*Judgment affirmed. McMurray and Smith, JJ., concur.*

Submitted January 31, 1977 — Decided March 10, 1977.

*Richard R. Kirby,* for appellant.
*Sartain & Carey, Joseph B. Sartain,* for appellees.