BRADLEY, Judge.
This is a workmen’s compensation case. The sole issue for review is whether or not fraud tolls the one year period of limitation set out in Title 26, Section 296, Code of Alabama 1940 (Recomp.1958).
Section 296 is as follows:
“In case of a personal injury all claims for compensation . . . shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable . or unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 304 of this title. . . . Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment. In case of physical or mental incapacity, other than minority of the injured person or his dependents, to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended to become effective one year from the date when such incapacity ceases.”
The trial court concluded as a matter of law that fraud was not one of the exceptions to the enforcement of section 296 and held that fraud would not toll the running of the one year period of limitation prescribed by the workmen’s compensation act.
The employee says in support of his contention that proven fraud will toll the running of the one year limitation provision of section 296, that the Alabama Supreme Court in Central of Georgia Ry. v. Ramsey, 275 Ala. 7, 151 So.2d 725 (1962), held that fraud will toll the time in which suit must be brought under the Federal Employers’ Liability Act, and by analysis the Ramsey case should be authority for the proposition that fraud will also toll the statute of limitation in a workmen’s compensation case.
We do not consider the Ramsey case to be apt authority in the case at bar for the reason that there the supreme court specifically construed a federal statute and in the process of doing so relied on decisions of the federal courts construing that statute. Two federal cases were cited as authority: Scarborough v. Atlantic Cast Line Ry., 178 F.2d 253 (4th Cir. 1949), cert. den. 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 1343 (1950); and Glus v. Brooklyn Eastern District Terminal, *799 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959). Our assessment of the Ramsey case is further solidified by what Justice Har-wood said as a prelude to the court’s decision on the question whether fraud tolls the statute of limitation in a Federal Employers’ Liability Act case:
“Despite some expressions of dissatisfaction with the results reached by a rigid application of the rule, it has generally been held that where a statute creates a new cause of action, and provides that such causes of action must be brought within the time specified in the statute, the time limitation was considered as a part of the newly created right, and could not be tolled or suspended for any reason not expressly excepted in the statute. See 15 A.L.R.2d pp. 501 through 527.” 275 Ala. 14, 151 So.2d 730.
The employee also contends that Hatch v. Black Diamond Coal Mining Co., 253 Ala. 495, 45 So.2d 291 (1950), approves fraud as an exception to section 296, supra. In that case an employee filed a workmen’s compensation claim against his employer and the employer defended by pleading the one year statute of limitation. The employee attempted to show that he had been fraudulently prevented from filing his claim within one year of his accident by the employer. The trial court found that if there was any fraud perpetrated on the employee it was discovered more than one year prior to filing the complaint and therefore the claim was barred by the limitation period in the statute. The supreme court affirmed on the theory that there was evidence to support the trial court’s finding. Apparently the question whether fraud could toll the running of the limitation period was not raised; the employee obviously assumed that he could toll the statute by proof of fraud and the employer did not attempt to dispute the position, but rather relied on proof that the fraud had been discovered more than one year prior to the employee’s filing his complaint.
In answer to the employee’s argument, the employer says that fraud is not one of the stated exceptions in section 296 and consequently it cannot toll the running of the one year period of limitation.
The employer’s theory is that the statute of limitation in the present case is more than a remedy; it is a condition to the exercise of the right given to the employee by the workmen’s compensation act. If the right of action is not exercised within the period of limitation, then the right is extinguished and the employee is forever barred from reaping its benefits.
In support of its theory, the employer not only cites cases from other jurisdictions but relies heavily on the Alabama case B. F. Goodrich Co. v. Parker, 282 Ala. 151, 209 So.2d 647 (1967). The question there was whether the time limit set out in section 296 of Title 26 could be raised by the employer as a bar to the employee’s claim on appeal when the employer had failed to properly present that defense to the trial court. The supreme court said:
“As we view the question now being considered, we are not dealing merely with an amendable defect, but rather with a question of jurisdiction. This for the reason that the rights our Workmen’s Compensation Law created are rights not existing at common law. The act fixed the time within which it could be enforced. It is a limitation on the right itself and not alone upon the remedy. The period within which such statutorially (sic) created rights must be asserted is of the essence of the cause of action, and is to be sustained by both averment and proof. Parker v. Fies and Sons, 243 Ala. 348, 10 So.2d 13; Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76. The time limitations within which such actions must be brought is a condition precedent to the right to maintain such action and is jurisdictional.” 282 Ala. at 155, 209 So.2d at 650.
This court in Hale v. United States Fidelity and Guaranty Co., 45 Ala.App. 379, 231 So.2d 156 (1970), cited with approval the Michigan case Bement v. Grand Rapids & Ind. Ry., 194 Mich. 64, 160 N.W. 424 (1916), for the same proposition as espoused in Parker, supra. Consequently, both *800 courts having decided that strict compliance with section 296 is a condition precedent to the right to maintain a claim for compensation benefits, this court has no alternative but to say that fraud, not being one of the exceptions listed in section 296, does not toll the one year limitation for filing claims therein provided.
Having so decided, we feel we would be remiss if we did not say that other jurisdictions have held that fraud does toll the running of the time limitation provision in a workmen’s compensation case. See Pacific Empioyers Ins. Co. v. Industrial Accident Com’n., 66 Cal.App.2d 376, 152 P.2d 501 (1944); Horton v. West Penn Power Co., 119 Pa.Super. 465, 180 A. 56 (1935); Mackanitz v. Pittsburgh & W. Va. Ry., 157 Pa. Super, 359, 43 A.2d 586 (1945); American Mutual Liability Ins. Co. v. Baxter, 210 Tenn. 242, 357 S.W.2d 825 (1962); Watson v. Proctor & Gamble Defense Corp., 188 Tenn. 494, 221 S.W.2d 528 (1949); Indemnity Insurance Co. v. O’Neal, 104 Ga.App. 305, 121 S.E.2d 689 (1961); Fidelity & Casualty Co. v. Bishop, 108 Ga.App. 422, 133 S.E.2d 51 (1963); Harris v. Bechtel Corp., 74 Idaho 308, 261 P.2d 818 (1953); Logan Manufacturing Co. v. Bradley, 476 S.W.2d 819 (Ky.App.1972); Travelers Insurance Co. v. Echols, 508 S.W.2d 422 (Tex.Civ.App.1974); Texas General Indemnity Co. v. McNeill, 261 S.W.2d 378 (Tex.Civ.App.1953); Carpenter v. E. I. Dupont De Nemours & Co., 194 So. 99 (La.App.1940); Arnold v. Solvay Process Co., 15 So.2d 238 (La.App.1943), aff’d, 207 La. 8, 20 So.2d 407. Nevertheless, we consider this court bound by the decisions of the supreme court of this state.
Recognizing that this jurisdiction has adopted a strict construction of section 296, nevertheless we are concerned that such a construction of this provision in the workmen’s compensation law can lead to fraud being practiced by an employer on an employee, thereby defeating the employee’s access to the benefits authorized by the legislature. Such a result is to us contrary to the rule of liberal construction our courts apply to other sections of the act. Gilmore v. Rust Engineering Co., 289 Ala. 46, 265 So.2d 591 (1972); Young v. City of Huntsville, Ala.Civ.App., 342 So.2d 918 (1976). However, in order to give effect to such a view, it will be necessary for either the legislature to make fraud an exception to the one year limitation provision or the supreme court to judicially devise a different rule; both of these avenues of correction are beyond our authority.
For the reasons given, the judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., and PAUL, Retired Circuit Judge, sitting by special appointment, concur.