## 56258. PERKINS v. AETNA CASUALTY & SURETY COMPANY et al.

DEEN, Presiding Judge.

1. The claimant in this workmen's compensation case had worked for the employer for approximately 20 years at labor involving heavy lifting, which had given him increasing back trouble. He was eventually struck in the back by a guardrail on March 4, 1974, returned to work, but was declared permanently disabled as of March 6. His claim for workmen's compensation was not filed until February 28, 1977, allegedly due to the fraud of the employer. He has had back surgery which failed to correct the condition. After hearing, the administrative law judge found that "the evidence is sufficient to show that the claimant was misled by the company employees . . . I further find that claimant was wilfully deceived about workmen's compensation coverage." This award held the one-year statute of limitations (Code § 114-305) was tolled and awarded compensation. On appeal, the full board, after a de novo consideration of all the evidence, adopted all the findings of the administrative law judge as its findings "except the legal conclusion that there was fraud on the part of the employer/insurer sufficient to estop them from raising the statute of limitation defense." This award was affirmed by the judge of the Superior Court of Bibb County and the claimant appeals.

2. Contrary to the usual situation in workmen's compensation cases, this appeal presents an issue of law only. We have examined the evidence and are satisfied that it is correctly summarized in the first award. That award has been adopted by both the administrative law judge hearing the case and the full board in a de novo proceeding. The only distinction is that the former award finds the facts stated sufficient to toll the one-year statute of limitations, while the second award finds them insufficient for that purpose.

3. The one-year statute of limitations required by Code § 114-305 has been held jurisdictional "but if fraud practiced by the employer or his insurance carrier prevents the employee from filing his claim the statute of limitation will be tolled, provided the employee acts

promptly upon discovery of the fraud." *Fidelity &c. Co. v. Bishop,* 108 Ga. App. 422, 423 (133 SE2d 51) (1963). The fraud which will toll the limitation is described in *Day v. Bituminous Cas. Corp.,* 141 Ga. App. 555, 556 (234 SE2d 142) (1977) as "an intentional act of concealment or misrepresentation which would operate as a deterrent to claimant to file a claim with the Workmen's Compensation Board," citing *Hartford &c. Co. v. Snyder,* 126 Ga. App. 31 (189 SE2d 919) (1972). It is also described in *Whelchel v. American Mut. &c. Ins. Co.,* 54 Ga. App. 511, 513 (188 SE 357) (1936) as "an affirmative act or concealment or misrepresentation preventing an inquiry." The fraud necessary to toll the statute of limitations in workmen's compensation cases is dealt with in 15 ALR2d Anno., 500, 520, § 9: "Whatever may be the theoretical concept of the nature of the benefit or particular right of action conferred by a workmen's compensation act, and however sweeping the limitation provision may be, the ultimate purpose of the legislation seems to have persuaded the majority of the courts not to regard enforcement of the right as conditioned upon commencement of proceedings within the time limited, should fraud preventing such commencement be established." The statement, which is found in some of the early cases (prior to enactment of the workmen's compensation laws) that the fraud must be such as to constitute moral turpitude, seems to be an extension of case law dealing with fiduciary relationships stemming from Code § 3-807, the general section on limitation of actions which is cited in some of the early compensation cases. Other early cases based on Code § 3-807 have, however, recognized that constructive fraud is sufficient. As stated in *Printup v. Alexander & Wright,* 69 Ga. 553, 556 (1882): "The fraud which will relieve the bar, *whether actual or legal,* must be of that character which debars or deters the plaintiff from his action." (Emphasis supplied.) We therefore adopt this as the true test in determining whether fraud sufficient to toll time for filing the claim exists.

4. This quasi-illiterate employee had a lengthy employment record with this employer at a job involving lifting of weights up to 400 pounds. He was injured on the

job and is permanently disabled. There is no evidence that printed signs apparently referring to workmen's compensation were ever called to his attention. He reported the final injury immediately when it happened. Within a month he reported that he needed a leave of absence for back surgery, and was informed only that "the insurance would not cover him for hospitalization." He reported this to his physician who referred him to an agent for Vocational Rehabilitation. That person called the employer directly and was informed by telephone that "defendant company did not have Workmen's Compensation insurance. The claimant's wife also contacted the defendant company soon after his surgery and was informed by Miss B— that the company did not have Workmen's Compensation coverage." Meanwhile, the employer granted a sixty-day leave of absence for the operation.

It is perfectly obvious that the employee had no knowledge of his rights, that he asked his employer what they were, and that he was misinformed. This misinformation was repeated on two occasions to two other people. The employer certainly knew its duties regarding payment of workmen's compensation, and such clearcut affirmative misrepresentations on three occasions cannot constitute anything less than legal fraud upon which the claimant acted (or rather refrained from acting) to his injury. We accordingly agree with the administrative law judge hearing the case that this course of conduct was fraudulent and that it estopped the employer from relying upon the one-year limitation for the filing of a claim.

*Judgment of the superior court affirming the award of the full board reversed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 2, 1978 — REHEARING DENIED OCTOBER 23, 1978 —

*Thomas M. Jackson,* for appellant.
*Martin, Snow, Grant & Napier, R. Napier Murphy, John T. McGoldrick, Jr.,* for appellees.