## 56611. JAMES v. BROWN TRANSPORT CORPORATION.

/Submitted September 13, 1978 — Decided October 23, 1978 — Rehearing denied November 7, 1978 —

*Patton & Hoyt, Jack R. Hancock,* for appellant.
*Hopkins & Gresham, H. Lowell Hopkins, Patrick J. McKenna,* for appellee.

DEEN, Presiding Judge.

In the *Snyder* case it was held (p. 37) that even if the claimant had been assured that medical bills would be paid and that he would be given a compromise settlement in addition thereto this "afforded no basis for tolling the statute as to the time for filing the claim, and could not have justified a different award. . ." and cases are cited holding that mere payment of medical bills, or the making of an unapproved settlement, or a statement by the employer that the employee would be taken care of, are not separately sufficient to toll the statute. In the *Nolen* case, however, it was held that the full board acted properly in reversing the administrative law judge who

had denied compensation based on delay in filing the claim, where the facts showed the parties were aware of the accident and claimed disability and the claimant was led to believe that the employer had committed itself to liability, the question at issue being amount. The appellant further cites *U. S. Cas. Co. v. Owens,* 109 Ga. App. 834 (137 SE2d 543) (1964) to the effect that "a mere uncertain and indefinite understanding, based on no consideration, . . . would not amount to fraud which would debar or deter him from filing a claim within the one-year limitation" and urges that this would apply to any promises to send the employee to Johns Hopkins for further treatment.

The record shows that the claimant's contacts with his employer were through a union official and a vice president of the corporation, that he was assured by both that his claim was being taken care of, that in the early stages bills were in fact paid, and that he received a check from the employer designated as workmen's compensation. It is simply unrealistic to contend that such actions and promises on the part of those who represent authority to a semi-skilled laborer and lull him into believing that no further affirmative action on his part is needed do not affect his actions in prosecuting his claim. The record shows that from November, 1975 on, the claimant was suffering both from a head injury (not employment connected, but sustained on his way to a hospital for back treatment) and in April, 1975, injury to his back which was indisputably employment connected. As to why he did not file a claim between April and November, 1975, he testified it was because he "kept thinking Mr. Crane (the vice president) was telling me the truth about going to the hospital, at Johns Hopkins Hospital." Nothing casts the least doubt on this explanation. Crane admitted having brought the matter up. The administrative law judge hearing the case made a finding that the payment of hospital bills, the promises of further hospitalization and the receipt of a check *marked as workmen's compensation* taken together "caused the claimant in this case not to file a claim within one year. . . it is apparent that the actions between the parties and the payment of some weekly compensation benefits misled

the claimant, whether intentionally or not, and prevented his filing a claim within the statutory period, and therefore the claim is within the jurisdiction of the Board for adjudication." This is as denominated by the board a conclusion, but it is one demanded by the evidence.

The claim should not have been dismissed as barred by the statute of limitations. The judgment of the superior court is therefore reversed with direction to remand the case to the board for consideration of disability benefits, if any.

*Judgment reversed with direction. Smith and Banke, JJ., concur.*