## 34496. BROWN TRANSPORT CORPORATION v. JAMES.

UNDERCOFLER, Presiding Justice.
We granted this certiorari in order to resolve a conflict in the cases from the Court of Appeals. The issue is whether representations and assurances that an injured employee will be "taken care of" by the company or its insurance carrier create an estoppel barring the company or carrier from asserting the one year statute of limitations for filing a claim under the Workers' Compensation Act (Code Ann. Title 114). Code Ann. § 114-305. The Court of Appeals in this case, under facts which are reported fully in its opinion, found such an estoppel. *James v. Brown Transport Corp.,* 148 Ga. App. 32 (251 SE2d 42) (1978). We affirm.

The rule is stated in *Cotton States Ins. Co. v. Studdard,* 126 Ga. App. 217, 220-221 (190 SE2d 549) (1972), quoting Young v. Sonoco Products Co., 210 S. C. 146 (41 SE2d 860) (1947): " 'The conduct of defendant and its insurance carrier may be such as to estop them from presenting the statutory limitation as a defense in bar of the claim for compensation, if the effect of such conduct was to mislead or deceive claimant, whether intentional or not, and induce him to withhold or postpone filing his

claim petition until more than a year had elapsed from the occurrence of the accident.' " The Court of Appeals in *Day v. Bituminous Casualty Corp.*, 141 Ga. App. 555 (234 SE2d 142) (1977), *Hartford Accident & Indemnity Co. v. Snyder*, 126 Ga. App. 31 (189 SE2d 919) (1972), *U. S. Casualty Co. v. Owens*, 109 Ga. App. 834 (137 SE2d 543) (1964), *Indemnity Ins. Co. v. O'Neal*, 104 Ga. App. 305 (121 SE2d 689) (1961), and in *Welchel v. American Mut. Liab. Ins. Co.*, 54 Ga. App. 511 (188 SE 357) (1936), has held that statements of assurance to the employee do not amount to the conduct which raises such an estoppel. It has also held to the contrary, however, in *Employers' Ins. of Wausau v. Nolen*, 137 Ga. App. 205 (223 SE2d 250) (1976), and in *Cotton States Ins. Co. v. Studdard*,[1] supra.

We think that where an employee relies on the statements of his employer or the insurance carrier, who are in a position of authority, that he will be taken care of, that all is well and he needn't worry, it is going too far then to allow them to raise as a bar to his claim the employee's failure to file within one year. We thus disapprove *Day, Snyder, Owens, O'Neal and Welchel*, supra, and approve *Nolen* and *Studdard*, supra, holding that such conduct on the part of the employer or the insurance company estops them from raising the statute of limitations as a bar to the employee's claim.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1979 — DECIDED MAY 31, 1979.

*Hopkins & Gresham, H. Lowell Hopkins, Patrick J. McKenna,* for appellant.

---

[1]We find *Fidelity & Cas. Co. of New York v. Bishop,* 108 Ga. App. 422 (133 SE2d 51) (1963), distinguishable since in that case the claimant was represented by an attorney. *Perkins v. Aetna Casualty &c. Co.,* 147 Ga. App. 662 (249 SE2d 661) (1978), also differs on its facts. There the employee was told falsely by the company that there was no insurance coverage, and he would *not* be taken care of. This conduct also created an estoppel.

*C. Ronald Patton, Jack R. Hancock,* for appellee.