## 62754. OWENS-ILLINOIS, INC. v. CHILDERS.

BANKE, Judge.

The State Board of Workers' Compensation denied the appellee's claim for benefits on the ground that it was barred by the statute of limitation. The Superior Court reversed, and we granted the employer's application for discretionary appeal.

The injury occurred, at the latest, on November 5, 1976. The claim was filed on January 27, 1978, outside the 1-year limitation

period set forth in Code Ann. § 114-305, as that section existed prior to the 1978 amendment. However, the superior court found that the employer was estopped to raise the statute as a defense due to the fact that the claimant had received "medical and rehabilitation benefits" prior to the expiration of the limitation period.

The claimant testified that she had initially believed her employer was going to pay the claim voluntarily but that she hired an attorney in April of 1977 because she no longer maintained that belief. Her attorney promptly contacted the employer's attorney to determine the employer's position and was informed that the employer intended to pay benefits for any job-related disability in accordance with a report to be submitted by an orthopedic specialist who had examined the claimant. A few days later, the employer received the report and forwarded it to the claimant's attorney. The physician's unequivocal conclusion was that no disability existed and the claimant could return to work.

The claimant's attorney did not contact the employer's attorney again until December of 1977, when he wrote a letter stating "Since you and the insurance company have been working with us on this matter, and I believe we have discussed this in the past, I assume that you have waived the statute of limitation for filing a workmen's compensation claim in this case." The employer's attorney promptly responded. "I cannot agree with your assumption that the statute of limitation has been waived. You and I have had no agreement as concerns any waiver; and, in fact, we have had no discussion concerning the statute of limitations." *Held:*

In *Brown Transport Corp. v. James,* 243 Ga. 701 (257 SE2d 242) (1979), the Supreme Court reaffirmed the rule set forth in *Cotton States Ins. Co. v. Studdard,* 126 Ga. App. 217, 220-221 (190 SE2d 549) (1972), that an employer and insurance carrier are estopped from pleading the statute of limitation as a defense to a workers' compensation claim where they have induced the claimant, through misleading or deceptive conduct, whether intentional or unintentional, to postpone filing the claim until the limitation period has expired. The holding in *Fidelity & Cas. Co. v. Bishop,* 108 Ga. App. 422 (133 SE2d 51) (1963), was expressly distinguished by the fact that the claimant in that case was represented by an attorney.

The claimant in this case, of course, was also represented by an attorney, whom she had engaged precisely because she did not believe that the employer would pay the claim voluntarily. Her attorney was informed that the claim would be paid in accordance with a medical report which was furnished to him more than six months prior to the expiration of the limitation period and which concluded unequivocally that no disability existed. Although the trial court

stated in its order that the claimant had been paid "medical and rehabilitation benefits" during this period, the record contains no indication that any payment was made for anything other than diagnostic treatment. Under these facts, there is no basis for a conclusion that the employer induced the claimant to allow the statute to run by leading her to believe that benefits would be paid voluntarily. The trial court accordingly erred in reversing the board's decision denying compensation.

*Judgment reversed. Carley J., concurs. Deen, P.J., concurs in the judgment only.*

DECIDED NOVEMBER 5, 1981 —
REHEARING DENIED DECEMBER 2, 1981.

*John V. Skinner, Jr., Donald F. Walton,* for appellant.
*Alford Wall,* for appellee.