A02A1634. D. W. ADCOCK, M.D., P.C. et al. v. ADCOCK.
(572 SE2d 45)

MILLER, Judge.

D. W. Adcock filed a claim with the State Board of Workers' Com-pensation to recover workers' compensation benefits from his employer and MAG Mutual Insurance Company for a disabling skin condition that precluded him from continuing his profession as a hand surgeon. The administrative law judge made two critical fac-tual findings: (1) the skin condition was a compensable injury caused and aggravated by the numerous surgical pre-scrubbings and in-office cleansings required by Adcock's profession, and (2) MAG Mutual had misled Adcock when it denied his claim and falsely told

him that the injury occurred outside the time of its insurance coverage (therefore, MAG Mutual was estopped from asserting Adcock failed to file his claim within the one-year statute of limitation). Cf. OCGA § 34-9-82 (a). The ALJ awarded Adcock workers' compensation benefits. The Board affirmed the findings and award as did the superior court. We granted MAG Mutual's application for a discretionary appeal and now affirm on the ground that some evidence supported the critical findings.

Adcock owned a professional corporation (D. W. Adcock, M.D., P.C.) that employed him to perform orthopedic surgery. The corporation had workers' compensation insurance from Hanover Insurance Company and later from MAG Mutual. After 25 years of practicing as a surgeon, Adcock developed a skin condition known as severe eczema or contact dermatitis that caused a thickening of the skin and resulted in fissures in his hands that made it impossible for him to continue with his profession as a surgeon. Although disputed, expert evidence showed that the condition was caused and aggravated by the intense scrubbing that was required prior to each surgery and by the in-office cleansing (averaging 50 times per day) required before seeing each patient. Adcock could point to no specific instance causing the onset of the condition. The worsening skin condition forced Adcock to cease working as a surgeon on May 31, 1998.

Adcock filed a workers' compensation claim with MAG Mutual on July 14, 1998. On November 13, 1998, MAG Mutual denied the claim on the false ground that the date of the injury did not fall within the period of the MAG Mutual policy. MAG Mutual forwarded the claim to Hanover Insurance and told Adcock in the denial letter that Hanover should contact him shortly to resolve the matter. In July 1999, Hanover definitively denied the claim, and Adcock reestablished contact with MAG Mutual. MAG Mutual eventually refused to pay the claim on the ground that Adcock had not filed a claim with the Board within one year of May 31, 1998. See OCGA § 34-9-82 (a).

Adcock filed a claim with the Board on January 26, 2000. The ALJ found that the pre-surgery scrubbings as well as the in-office cleansings caused and further aggravated the disabling skin condition. The ALJ also found that MAG Mutual's statement that the injury occurred outside the period covered by its policy was false and misled Adcock into not filing a timely claim with the Board. Citing *Brown Transport Corp. v. James*, 243 Ga. 701 (257 SE2d 242) (1979), the ALJ concluded that MAG Mutual was estopped from raising the statute of limitation as a defense and awarded Adcock workers' compensation benefits. The Board affirmed and adopted the findings and award, and the superior court affirmed the Board's decision. We granted MAG Mutual's application for discretionary appeal.

1. MAG Mutual and the employer urge that the disabling skin condition was a disease, not an injury, and that it was not compensable since it did not meet the statutory criteria of an occupational disease and since it did not result naturally and unavoidably from an accident. They point to a finding of the ALJ that the skin condition is an ordinary disease of life to which the general public is exposed and that it therefore could not be classified an occupational disease for workers' compensation purposes. They also claim that no injury can be found without a specific date of trauma.

MAG Mutual and the employer misread the ALJ's decision. Throughout the decision, the ALJ repeatedly refers to the disabling development as a skin condition, not a disease, and makes the express finding that Adcock "suffered disability due to an *injury by accident* arising out of and in the course of his employment. . . ." (Emphasis supplied.) See *Shore v. Pacific Employers Ins. Co.*, 102 Ga. App. 431, 433-434 (2) (116 SE2d 526) (1960) (holding that contact dermatitis was an accidental injury aggravated by a cleaning compound). His isolated reference to the condition as a disease was in the context of setting forth the reasons why the conditions did not meet the statutory criteria of an occupational disease set forth in OCGA § 34-9-280 (2). Taken as a whole, the findings and award are clear that the ALJ found that the condition was an injury caused by cumulative trauma experienced as part of Adcock's employment.

When reviewing an ALJ's findings that are accepted by the Board, we cannot disturb those findings "as long as there is any evidence to support [them], because neither the superior court nor the appellate court has the power to find facts." (Citations omitted.) *Hallisey v. Ft. Howard Paper Co.*, 268 Ga. 57, 58-59 (1) (484 SE2d 653) (1997). We must construe the evidence in favor of the party prevailing before the Board and treat the Board/ALJ's findings as conclusive and binding when supported by any evidence. *Jones County Bd. of Ed. v. Patterson*, 255 Ga. App. 166, 167 (564 SE2d 777) (2002).

So construed, the evidence showed that Adcock's skin condition was caused by and further aggravated by the intense pre-surgery scrubbings and numerous daily cleansings required by his employment. This falls within the definition of injury found in OCGA § 34-9-1 (4) ("only injury by accident arising out of and in the course of the employment . . ."). Cumulative trauma over time, which does not lend itself to identifying a specific incident or date as the onset of the injury, nevertheless may be found to be an injury under this statute. See *Shipman v. Employers Mut. Liability Ins. Co.*, 105 Ga. App. 487, 488-493 (125 SE2d 72) (1962).

The *Shipman* claimant sought workers' compensation benefits arising out of his loss of hearing caused by his repeated exposure to loud jet engines as part of his employment. This Court framed the

issue as follows: "whether the *result* (here, loss of hearing) of a *series of trauma* (here, intermittent noises of the jet engines over a period of time) is an accidental injury . . ." compensable under the workers' compensation statute. (Emphasis in original.) Id. at 488-489. After a thorough review of the law, we held that it was a compensable accidental injury. Id. at 491-492. We further held that the claimant's inability to identify a specific date of the accident was no bar to recovery since the trauma was cumulative, and that the date for the gradual loss was deemed to be the date on which the development finally prevented claimant from performing his work. Id. at 492; see *Home Indem. Co. v. Brown*, 141 Ga. App. 563, 566 (2) (234 SE2d 97) (1977) ("It is well settled that where a disability results which is objectively, physiologically ascertainable, it is compensable although the onset of disability is imperceptible from day to day, and there is no one 'accident' at a specifiable time and place to which the result may be attributable. [Cits.]").

As evidence supported the Board's findings and the law supported its conclusions, we hold that the superior court did not err in upholding the Board's decision.

2. MAG Mutual and the employer also argue that the claim was untimely filed. OCGA § 34-9-82 (a) provides that a workers' compensation claim is barred unless filed with the Board within one year after injury (except under circumstances not applicable here). Here the last possible date of injury was May 31, 1998, and Adcock did not file his claim with the Board until January 2000. Thus, unless MAG Mutual and the employer are estopped from asserting the statute of limitation, Adcock's claim is barred.

The Board found that under *Brown Transport*, supra, 243 Ga. at 701-702, MAG Mutual's false statement that the injury occurred outside the period of its policy coverage misled Adcock into not filing a timely claim and thus estopped MAG Mutual from asserting the statute of limitation defense. Evidence supported the Board's findings. *Brown Transport* held:

> The conduct of defendant and its insurance carrier may be such as to estop them from presenting the statutory limitation as a defense in bar of the claim for compensation, if the effect of such conduct was to mislead or deceive claimant, whether intentional or not, and induce him to withhold or postpone filing his claim petition until more than a year had elapsed from the occurrence of the accident.

(Citations and punctuation omitted.) Id.

Here ample evidence supported the Board's finding that MAG Mutual engaged in conduct (whether intentional or not) that misled

Adcock and induced him to postpone filing his claim petition outside the year period. MAG Mutual's letter of November 13 falsely told Adcock that the date of the injury, which under the authorities cited above was May 31, 1998, did not fall during a MAG Mutual workers' compensation policy period. MAG Mutual then told Adcock that it was forwarding his claim to Hanover Insurance, which company should contact him shortly to resolve the claim. Adcock relied on these statements of MAG Mutual in deciding not to file a claim at that time. After months of delay and requests for information, Hanover did not definitively deny the claim until July 1999, after the year period had run out. See OCGA § 34-9-82 (a). Adcock then contacted MAG Mutual, which requested further information from and negotiated with Adcock about the claim. MAG Mutual did not announce its definitive decision to deny the claim until December 1999. Adcock filed his claim in January 2000.

Since evidence supported a finding that MAG Mutual's false statement about the coverage date of its policy misled Adcock into postponing the filing of his claim, we hold that the superior court did not err in holding that MAG Mutual and the employer were estopped from asserting the statute of limitation defense.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 2, 2002 — 

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Gregory T. Talley*, for appellants.

*Robert L. Lambert, Jr.*, for appellee.