**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 5, 2014**

# In the Court of Appeals of Georgia

A13A1855. CHO CARWASH PROPERTY, LLC et al. v. EVERETT.

MCFADDEN, Judge.

Cho Carwash Property, LLC and its workers' compensation insurer, Auto Owners Insurance Company (together, the employer), appeal the award of workers' compensation benefits to Dustin Everett, arguing that the administrative law judge ("ALJ") miscalculated Everett's average weekly wage. The calculation hinges on the factual finding of the number of hours Everett was supposed to work each day. The appellate division accepted the ALJ's factual finding on this issue, and we affirm.

Our review of fact finding in this context is deferential.

When reviewing an ALJ's findings that are accepted by the [appellate division] we cannot disturb those findings as long as there is any evidence to support them, because neither the superior court nor the

appellate court has the power to find facts. We must construe the evidence in favor of the party prevailing before the [appellate division] and treat the [appellate division]/ALJ's findings as conclusive and binding when supported by any evidence.

*D.W. Adcock, M.D., P.C. v. Adcock*, 257 Ga. App. 700, 702 (572 SE2d 45) (2002) (citation and punctuation omitted).

Viewed in this light, the evidence shows that Everett was injured on the job on February 18, 2010. Everett had been hired as a lube technician the week before and had been working only three days when he was injured. He testified that he was hired to work full time, at least 40 hours per week. According to Everett, he was supposed to work from 8 a.m., when the car wash opened, until 7 p.m., when it closed, six days a week. Everett testified that he worked a full day the first day of his employment and that his hours were cut short the second day because business was slow due to rain.

The owner of the car wash, Kimberly Cho, described the situation differently. She testified that Everett was hired to work part time. She testified that Everett was in training when he was injured, and he would have been placed on a part-time schedule once the training was complete. She also testified that lube technicians, such as Everett, were usually scheduled to work four days per week. She testified that the

2

car wash was open from 8 a.m. to 6 p.m. Monday through Saturday, and 9 a.m. to 6 p.m. Sunday. She also testified that employees took 30 minute lunch breaks.

After Everett was injured, the employer paid him temporary total disability benefits of $131.19, based on an average weekly wage of $196.79. In 2012, the employer sought a credit for overpayment while Everett sought an increase in his award, contending that his average weekly wage was actually $425. After conducting a hearing, the ALJ awarded the employer the credit it sought but determined that Everett's average weekly wage was $323, increasing his benefits to $213.18 per week. The appellate division and the superior court affirmed, and the employer appealed.

OCGA § 34-9-260 sets forth three methods for calculating an injured employee's average weekly wage. The ALJ determined that neither OCGA § 34-9-260 (1) or (2) was applicable for determining Everett's average weekly wage. Instead, the ALJ determined that OCGA § 34-9-260 (3) was the most appropriate method of calculation. That subsection provides that "the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation and shall be determined" by using "the full-time weekly wage of the injured employee." OCGA § 34-9-260 (3). The ALJ concluded that

the preponderance of the credible evidence shows that [Everett's] employment contract contemplated that during his training, he was required to work four days a week, from the time the car wash opened until it closed. Based on the [o]wner's testimony that the car wash was open on Monday through Saturday from 8:00 a.m. to 6:00 p.m, and that employees are provided a 30 minute lunch break, I find the correct amount of [Everett's] average weekly wage was $323.00 (4 days x 9.5 hours per day x $8.50 per hour = $323.00).

The employer does not dispute that OCGA § 34-9-260 (3) is the proper method for calculating Everett's average weekly wage. Rather, it argues that the ALJ and appellate division applied the statute incorrectly by relying on Everett's training schedule and that no evidence supports the calculation. In essence, the employer argues that the evidence shows that Everett's average weekly wage should be $8.50 per hour x 5.5 hours per day x 4 days per week, based on Cho's testimony that lube technicians are scheduled to work from 10 a.m. to 4 p.m. and have a 30 minute lunch break ([6 hours - 30 minutes] x 4 days).

But some evidence supports the ALJ's calculation of the average weekly wage. She found that the wage should be calculated by multiplying four days (based on Cho's testimony that lube technicians worked four days per week) by 9.5 hours per day (based on Everett's testimony that he was supposed to work from the time the car

4

wash opened until the time it closed; evidence that the first two days of employment he worked full days, albeit shortened hours the second day because of rain; Cho's testimony that the car wash was open from 8 a.m. to 6 p.m. Monday through Saturday; and Cho's testimony that employees took 30 minute lunch breaks) by $8.50 (the undisputed hourly wage).

We reject the employer's argument that the ALJ improperly calculated the average weekly wage based on Everett's training schedule. As noted, the testimony, particularly Everett's testimony that he was supposed to work from the car wash's opening until its close, supported the ALJ's calculation of the average weekly wage at the time of the injury.

Since some evidence supported the calculation of the average weekly wage, we must uphold the findings of the ALJ and the appellate division and affirm the award of benefits.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*