Lengar and Wife *v.* Hazlewood.

LEE LENGAR and WIFE *v.* DANIEL HAZLEWOOD *et al.*
AND
B. F. CAMPBELL *et al. v.* LEE LENGAR and WIFE *et al.*

STATUTE OF LIMITATIONS. Where heirs recognize claims as subsisting debts against their ancestor's estate, and the deed of trust by which same are secured as an encumbrance, and induced parties to take the debts up by agreeing that they were valid liens, the heirs canuot rely npon statute of limitations as to same.

FROM CLAIBORNE.

Appeal from the Chancéry Court at Tazewell. H. C. SMITH, Ch.

J. L. ROGERS for complainants.

F. M. FULKERSON for defendants.

COOKE, Sp. J., delivered the opinion of the court.

This was a bill filed by Lengar and wife, who is one of the heirs at law of Peter Hazlewood, deceased, against the other heirs of the decedent, to have partition of a certain tract of land of which it is alleged he died siezed and possessed. The complainants in the cross-bill, B. F. Campbell and Barney Campbell, became parties respondent by intervention and filed their answer as a cross-bill, or in the nature of a cross-bill, by which they alleged that said Peter Hazlewood in his lifetime had conveyed said land in trust to one Theo. Ragan, to secure certain specified debts which

had been transferred to them, and that they were the beneficiaries in said deed of trust, and seeking to have the trust executed and the land sold for the satisfaction of their debts. Lengar and wife, and B. F. Hazlewood and Lucy Thomas answered the cross-bill, and resisted the relief sought by it upon the ground, that as they alleged, the ancestor, Peter Hazlewood, had paid off said debts and satisfied said deed of trust in his lifetime. The other respondents made no defense and suffered judgment *pro confesso* to be taken against them.

The respondents to the cross-bill subsequently obtained leave and amended their answer so as to plead and rely upon the statute of limitations of two years and six months, and three years and six months, one of them being a non-resident, and of six years, and all other statutes they say that can afford them any protection. A considerable amount of proof was taken, which is conflicting and not altogether satisfactory.

The chancellor dismissed the original bill and granted the relief sought by the cross-bill. Lengar and wife alone appealed.

The Referees have filed a report by which they say they have been unable to reconcile the testimony, and have had no little difficulty to determine the right, but as the chancellor found in favor of the complainants in the cross-bill, they cannot say that he was wrong in so doing; that they do not think the statutes of limitations can or do effect the case under the facts disclosed by the proof; they therefore recommend an affirmance of the chancellor's decree.

Exceptions have been filed to this report, because

Lengar and Wife *v.* Hazlewood.

as is stated, the burden of proof is the other way, and because the Commissioners have reported that said claims are not bound by the statutes of limitations.

While we are not very well satisfied as to the reliability of the testimony, yet we think the weight of it sustains the conclusions of the chancellor, and shows that the debts set up by the cross-bill were not paid by the ancestor in his lifetime; and that complainants in the original bill, who are the only parties that have appealed from the chancellor's decree, not only recognized these claims as subsisting debts, and the deed of trust as an encumbrance upon the land after the death of Peter Hazlewood, the ancestor, but actually induced the complainants in the cross-bill, who were nephews of Mrs. Lengar, to take them up, by agreeing that they were valid liens upon the land, and that the complainants should have that portion of the land which they now seek to sell for partition, in satisfaction of the same. We do not think that the appellants, if the statute of limitations were otherwise applicable, should be permitted to rely upon it under the facts disclosed by this record. In this view, it is unnecessary to determine what would be the effect of their plea under a different state of the case.

We think the justice of the case has been most likely reached by the chancellor's decree, and are satisfied to affirm it with costs.