AMERICAN MUTUAL LIABILITY INSURANCE COMPANY

*v.*

SAM BAXTER

357 S.W.2d 825.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed May 4, 1962.

FRED L. MYERS, FRED L. MYERS, JR., Newport, for petitioner.

S. J. MILLIGAN, MILLIGAN, SILVERS & COLEMAN, Greeneville, for respondent.

MR. JUSTICE FELTS delivered the opinion of the Court.

This was a suit brought by an employee against his employer's insurer for workmen's compensation. The Trial Judge found petitioner had suffered an injury by accident arising out of and in the course of his employment which resulted in 60% permanent partial disability to the body as a whole, and awarded him compensation of $28.60 per week for 240 weeks.

Defendant appealed in error and insists (1) that there is no evidence to support the Trial Court's finding, and the court should have dismissed the suit; and (2) that, moreover, the court should have sustained defendant's plea that the suit was barred by the one-year statute of limitations, since it was brought more than a year after the injury and more than a year after defendant's last payment of the medical bill.

*First.* Petitioner was employed as a laborer or cabinet assembler by the Jefferson City Cabinet Company. On the trial defendant admitted that on June 15, 1959, petitioner suffered an injury by accident arising out of and in the course of his employment. He was struck by a "palat"—a thing made of 3 2″ x 4‴'s about 3 feet long with boards nailed on them, weighing some 40 or 50 pounds, which fell about 15 feet and struck him with great force on the back and left leg.

He was immediately given first aid by his employer and sent to its doctor's clinic, where he was examined, X-rays were made, and he was released from the hospital after two days. He then went home and was examined June 20, and again June 25, 1959, by his doctor, Dr. Robinson, who diagnosed his injury as "a ruptured disc, L4 and L5, and a pulled knee ligament on the left," and treated him by prescribing diathermy, muscle relaxants, and medications for pain.

After being off about a week, petitioner went back to work, though he was suffering pain in his back. He worked more or less regularly until December 15, 1959, when he broke two of his ribs by a fall in the bathtub. After being off about two weeks, he returned to his job and worked, with a day or two off now and then, until about April

22, 1960, when he got a leave of absence until May 9; he was then absent on May 23, and was discharged shortly after May 25 for unexcused absenteeism.

It appears petitioner had had a back injury in 1955 or 1956, but, despite this, was able to work as a laborer until this injury of June 15, 1959. Dr. Robinson expressed the view that this later injury was the cause of petitioner's disability. Petitioner testified that this injury grew steadily worse and more painful until he had to quit work; and Dr. Robinson said he could do only light work not requiring any lifting or labor.

■ So, we have the admitted back injury of petitioner of June 15, 1959, and the evidence, accepted by the Trial Judge, of petitioner's subsequent disability to do any labor or lifting, the only thing he was qualified to do. If petitioner had the disability, as found by the Trial Judge, it would be compensable, whether caused by this injury alone, or by it in aggravation of his prior injury. *Proctor & Gamble v. West,* 203 Tenn. 138, 142, 310 S.W.2d 175.

■ Such being the evidence for petitioner, we think it supports the Trial Judge's finding and award. As said so often in workmen's compensation cases, the Trial Judge's findings of fact will not be disturbed if supported by any substantial evidence. *Clendening v. London Assurance Co.,* 206 Tenn. 601, 606, 336 S.W.2d 535, 337 S.W.2d 603; *McKenzie v. Campbell & Dann Mfg. Co.,* 209 Tenn. 475, 354 S.W.2d 440, 443.

■ *Second.* As stated, petitioner's injury occurred June 15, 1959, but suit was not brought until July 29, 1960, more than a year after the injury. Defendant, therefore, insists that the Trial Court should have sus-

tained its plea of the one-year statute of limitations in bar of the suit. T.C.A. secs. 50-1003, 50-1017.

The Trial Judge, however, overruled this plea, because he found and held that defendant, by the conduct of its Branch Claim Manager, had waived the statute and was estopped to plead it. We think this finding and conclusion of the Trial Judge is supported by the pleadings and the proof.

The facts to constitute such waiver and estoppel were set up in the petition, as well as in petitioner's replication to defendant's plea; and the matter was developed in the proof for petitioner.

The evidence for petitioner was that he, Dewey Whittle, Director of the Tennessee Workmen's Compensation Division, and John H. Cline, defendant's Branch Claim Manager, had a conference at Knoxville on June 6, 1960, before the year had run, and Mr. Cline told petitioner that defendant would start paying him and furnishing him medical treatments; and it was mentioned that the year following the injury would soon be up, and Mr. Cline told petitioner he need not worry about the statute of limitations; and petitioner believed and relied on this and did not bring suit until defendant refused to pay him anything, which was more than a year from the date of the injury.

Such is the substance of the testimony of petitioner. He is more or less corroborated by Whittle. But Cline gave a different version of the matter. He said that he only proposed to send petitioner to Dr. Carlson, an orthopedic surgeon in Knoxville, to see if there was anything wrong with him; and that he did send petitioner that day to the doctor for such examination. He admitted, however, that

the matter of the statute of limitations was referred to, and he said that he reminded Whittle that the one-year statute would start to run not from the date of the injury, but the date of defendant's last payment of the medical bill for petitioner.

Defendant insists that the one-year statute started to run not from June 15, 1959, but from July 7, 1959, the date of the last medical payment (*John Sevier Motor Co. v. Mullins,* 205 Tenn. 227, 326 S.W.2d 441); that, according to petitioner's own statement, about two weeks after their June 6 conference, or June 21, 1960, he called Cline and was told defendant would not pay him anything; and that since the year had not then run and he could have sued, he cannot claim he was misled into not bringing suit until after the bar of the statute.

■ The Trial Judge rejected this contention. Admittedly, petitioner did not know when the medical bill had been paid, and the year from the injury had run before June 21, 1960, when defendant informed petitioner it would not pay him anything. The Trial Judge was at liberty to accept petitioner's version of the evidence, as he did; and his finding of fact upon this issue is conclusive.

■ The doctrine of equitable estoppel is one of frequent application; and, in a proper case, may be invoked to estop a debtor to plead the statute of limitations. In *Saylor v. Trotter,* 148 Tenn. 359, 367, 368, 255 S.W. 590, 593. Chief Justice Green, speaking for the Court, referring to this doctrine, said:

"It is constantly growing, and is applied to new conditions as they arise. It is founded on good morals.

It rests upon the necessity of requiring men to deal honestly and fairly with their fellow men.

" 'The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both.' *Dickerson v. Colgrove,* 100 U.S. 578, 25 L.Ed. 618.

" 'What I induce my neighbor to regard as true is the truth as between us, if he has been misled by my asseveration.' *Kirk v. Hamilton,* 102 U.S. 68, 26 L.Ed. 79."

We think this doctrine was properly applied in this case. As stated, the Trial Judge found that defendant's agent induced petitioner to believe and rely on its representations that it would not plead the statute, and thereby induced him to delay suit until after the statute would have otherwise barred his claim. In such a case, the defendant is estopped to plead the statute. *Saylor v. Trotter,* supra; *Lengar v. Hazlewood,* 79 Tenn. 539; *Nashville, C. & St. L. Ry. v. Tenn. Mill Co.,* 143 Tenn. 237, 227 S.W. 443; *Hartford Acc. & Indem. Co. v. Hay,* 159 Tenn. 202, 17 S.W.2d 904; Annotation, 130 A.L.R. 8-12, and cases there cited.

All of the assignments of error are overruled, the judgment of the Circuit Court is affirmed, and the case will be remanded to that Court for further proceedings not inconsistent with this opinion. The costs of the appeal in error are adjudged against defendant and the surety on its appeal bond.