**CARROLL COUNTY MEMORIAL HOS-
PITAL et al., Appellants,**

v.

**Lizzie Mae YOCUM, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellants.

John M. Berry, Jr., Berry & Floyd, Carrollton, for appellee.

REED, Justice.

Was the insurance carrier for the employer in this workmen's compensation claim by an allegedly injured employee entitled to rely on the defense of expiration of the applicable statute of limitations?

From undisputed evidence, the Workmen's Compensation Board concluded as a matter of law that the claim was barred. When the employee appealed, the circuit court from the same undisputed evidence declared that the claim was not barred. The employer and its insurance carrier then appealed to this court. We affirm the judgment of the circuit court.

Lizzie Mae Yocum allegedly sustained an accidental injury while in the course and scope of her employment with Carroll County Memorial Hospital. The date of the alleged injury was August 26, 1969. Her claim for compensation benefits was not filed until November 11, 1970, which was 77 days after the expiration of the applicable statute of limitations. KRS 342.-270. The employer, through its insurance carrier, pleaded the expiration of this one-year statute of limitation as a complete defense. The employee, through her attorney, contended that because of an agreement and representation of the insurance carrier's adjuster concerning the limitation period, the employer and its carrier were estopped to rely upon the expiration of the time period prescribed for filing the claim.

The evidence upon which the issue was determined consisted solely of the testimony of John M. Berry, Jr., an attorney who had been employed by the claimant to represent her in the matter. Mr. Berry stated that he was employed by Lizzie Mae Yocum on March 30, 1970. This was 148 days prior to the expiration of the statute of limitations. Mr. Berry also testified that upon his employment he contacted his client's employer, ascertained from it the identity of the concerned insurance carrier, contacted the doctors who had treated the claimant, and contacted John Kurtz, an insurance adjuster for the insurer, Argonaut Insurance Company, to discuss the insurer's position regarding the claim. Berry said that Kurtz advised him that he had little work to do in Kentucky and suggested that negotiations for possible settlement be conducted by telephone and correspondence. Kurtz was located in Indianapolis,

Indiana. Berry stated that Kurtz did not respond to his correspondence and it occurred to him that the statutory period allowed to file the claim would soon expire. On August 24, 1970, Berry telephoned Kurtz to inquire about the status of his client's claim. Berry testified:

". . . And, as I said before, I told him that I only had a couple of days before the statute ran and I had to do something about the claim. I hadn't heard from him. He said, 'Well, I've been busy, been tied up.' He said, 'I've got the papers right here on my desk and I just haven't had time to get to it.' He said, 'Don't worry about the statute. Write me a letter and give me in that letter all of the information that you have given me by telephone and set out the details of the claim.'"

Berry stated that on the same day of the telephone conversation he addressed and mailed a letter to Kurtz in which he set forth all the required information. A copy of this letter was filed as evidence. Two weeks then went by without reply from Kurtz. In the middle of September, Berry telephoned Kurtz's superiors in Chicago. They advised him that Kurtz had been out of the office frequently in the preceding months because of domestic difficulties. They further stated that the statute of limitations had expired and they therefore considered that the carrier had no liability on the claim. Berry again attempted to reach Kurtz to have him clarify the matter and confirm his agreement and representation concerning the limitations statute. He was unsuccessful in his efforts to contact Kurtz.

In the middle of October 1970, Berry again called Kurtz's superiors in Chicago. They refused to honor Kurtz's agreement and insisted that the carrier had no liability. On November 11, 1970, Berry filed the claim with the Workmen's Compensation Board. Kurtz was not produced to testify; therefore, the only evidence in the record consists of Berry's uncontradicted statements.

The Workmen's Compensation Board in its opinion said:

"The Board cannot accept case (sic) as set down by the plaintiff as adequate to cause one who is diligently pursuing his action to rely on statement of his adversary. . . ."

When the claim was appealed to circuit court, the circuit judge, in our opinion, hit close to the mark when he pointed out in substance that the uncontradicted evidence demonstrated, at the least, an agreement to waive the statute of limitations for the purpose of continuing negotiations of settlement.

The insurance carrier argues that the case is governed by Cambron v. Co-operative Distributing Co., Ky., 405 S.W.2d 687 (1966). We disagree. In Cambron the claim of estoppel was rested upon statements to the effect that a settlement would be made when the employee's disability could be medically determined. The problem was whether the conduct and activities of the adjuster lulled the claimant, who was represented by an attorney, into security that his claim would be paid as a result of which he failed to file an application for benefits within the required time. Neither that case, however, nor any one of the cases cited in it, considers the situation where the undisputed facts establish that the insurance adjuster stated to the claimant's attorney, during continuing negotiations within two days prior to the expiration of the limitations period, in substance: "Don't worry about the statute. Send me additional information."

We have examined all the authorities cited in the insurance carrier's brief, including the late case of Logan Manufacturing Company v. Bradley, Ky., 476 S.W.2d 819 (1972). In none of them do we find the situation presented where the insurance adjuster admittedly represents that the statute of limitations will not be pleaded or relied upon as a specific topic of conversation in continuing negotiations of possible settlement.

In the recent case of Miller v. Thacker, Ky., 481 S.W.2d 19 (1972), we expressed some doubt concerning the stringency of some of our prior opinions in regarding the statute of limitations as an absolute bar. We emphasized in that case that the real inquiry should be whether the party against whom the statute was asserted was justified in relying upon the representations and activities of the insurance adjuster in delaying filing suit until time had run out. See Anno: 39 A.L.R.3d 127.

■ Although a strong case is necessarily required when a party seeks to avoid the plain provisions of a limitations statute, this does not mean that the other party is given license to admittedly misrepresent; nor does it mean that limitations is not a defense that can be waived.

In an annotation at 24 A.L.R.2d, page 1413, entitled "Estoppel to rely on statute of limitations," the statement is made that, ". . . according to the great weight of authority, an undertaking or agreement specifically waiving or promising not to plead or take advantage of the statute of limitations, made before the cause of action is barred, on the strength of which the . . . plaintiff . . . refrains from commencing suit until after the statute has run, estops the . . . defendant to assert the statute." Id., page 1425. The same annotation declares that a specific agreement or promise not to take advantage of the statute of limitations estops the promissor from pleading the statute although the promise or agreement is not embraced in or evidenced by a writing.

■ The Supreme Court of Tennessee has had occasion to consider a case somewhat like the one at bar in American Mutual Liability Insurance Co. v. Baxter, 210 Tenn. 242, 357 S.W.2d 825 (1962). In the Baxter case, upon conflicting evidence, the fact finder determined that an insurance adjuster represented to the claimant prior to the expiration of the applicable statute of limitations that "defendant would start paying him and furnishing him medical

treatment; and it was mentioned that the year following the injury would soon be up, and Mr. Cline (the insurance adjuster) told petitioner *he need not worry about the statute of limitations*." (Parenthetical expression and emphasis supplied). The doctrine of equitable estoppel, so the Tennessee court held, prevented reliance by the carrier on the expiration of the limitations period. The Tennessee opinion cites this language from an older case from the U.S. Supreme Court: "What I induce my neighbor to regard as true is the truth as between us, if he has been misled by my asseveration." Kirk v. Hamilton, 102 U.S. 68, 26 L.Ed. 79. We conclude that the employer and its carrier were not entitled to rely upon the expiration of the limitations period.

We disagree, however, with attorney Berry's contention that this renders his subsequent conduct in the filing of the claim an irrelevant matter. Even though the carrier is estopped to rely upon the expiration of the prescribed limitations period, this does not mean that a plaintiff or his counsel is not required to act diligently as soon as he learns that his adversary intends to change his position and rely upon the limitations statute. See Miller v. Thacker, Ky., 481 S.W.2d 19 (1972).

The evidence here establishes that attorney Berry was informed in mid-September by Kurtz's superiors that they disavowed Kurtz's representations and intended to assert the bar of the statute of limitations. According to Berry, he then continued his attempts to contact Kurtz. After these efforts failed, he called Kurtz's superiors again in the latter part of October. Application for an award was filed in early November 1970, which was only 77 days after the expiration of the prescribed limitation period. In view of the circumstances, we conclude, evidently as did the circuit judge, that this constituted reasonable diligence in view of the admitted facts.

We are quite aware of the necessity of a positive position to support the policy of the statute of limitations. The issue decided in this case is a narrow one. Our resolution is influenced by the circumstance that the testimony is uncontradicted that the insurer in the context of the total situation specifically agreed to waive the limitations period for a reasonable time to conclude negotiations. We, therefore, conclude that it would be simply unconscionable to allow the insurance carrier to back out of the agreement.

The judgment is affirmed.

All concur.