**Addie C. DUKES, Plaintiff-Appellant,**

v.

**MONTGOMERY COUNTY NURSING HOME, The Tennessee Company, and the Northwestern National Insurance Group, Defendants-Appellees.**

Supreme Court of Tennessee,
at Nashville.

Oct. 12, 1982.

Steve Atkins, Clarksville, for plaintiff-appellant.

Randall C. Ferguson, Nashville, for defendants-appellees.

OPINION

BROCK, Justice.

The complaint in this case alleges a claim for benefits under the Worker's Compensation Act. The trial court concluded that the complaint failed to state a claim upon which relief could be granted and, accordingly, dismissed the action pursuant to defendant's motion.

The defect found by the trial court in the complaint was that it disclosed upon its face that the action was not filed within the one year statute of limitations for worker's compensation claims, T.C.A., § 50–1003, and that a prior suit filed by the plaintiff upon this same claim which was later voluntarily nonsuited did not operate to save the instant action under the terms of T.C.A., § 28–1–105, the "savings statute," because that original action had itself been filed more than one year after the date of the accident on April 12, 1976.

The plaintiff sought to avoid the bar of the one year statute of limitations by alleging in the complaint that the original action was not filed within one year of the date of the accident because of fraudulent misrepresentations made by the defendant and its agents that defendant's liability was recognized and benefits under the worker's compensation law would be paid without the necessity of the plaintiff filing suit.

The defendants argued in the trial court, as they do here, that, although fraudulent misrepresentations by an employer or its agents may estop an employer from relying upon the statute of limitations, thus enabling a plaintiff to file his claim more than one year from the date of the accident, nevertheless, the voluntary dismissal or nonsuit of such an action does not afford the plaintiff the benefit of the savings stat-

ute, T.C.A., § 28–1–105, because the original action was not "commenced within the time limited by a rule or statute of limitation, . . . ."

■ We are limited to the facts alleged in the complaint. The plaintiff alleges in her complaint that she was injured by an accident arising out of and in the course of her employment when she suffered an injury to her back while lifting a patient on April 12, 1976. The complaint then alleges as follows:

V

"That immediately after the incident referred to in paragraph 4 above, your complainant reported her injuries to Mr. Edge, assistant administrator and to Mr. Jarrell, administrator of the Montgomery County Nursing Home, and that an accident report was completed by your complainant upon request of the defendants. The administrative personnel of the Montgomery County Nursing Home referred your complainant to the defendant insurance adjustment company, The Tennessee Company, who represented and advised the defendant, The Northwestern National Insurance Group, whereby your complainant talked with a Mr. Caulk *who stated that your complainant would receive $85.00 a week until she was able to report back to work and that medical expenses would be paid by the insurance carrier, the defendant, The Northwestern National Insurance Group.*

VI

"After such assurances by Mr. Caulk of the defendant, The Tennessee Company, said payments were not forthcoming and, after repetitive weekly phone calls by the complainant unto Mr. Caulk, her calls were not returned by Mr. Caulk or anyone else acting in his behalf. *In December of 1976 your complainant informed The Tennessee Company that she would contact a lawyer for the filing of suit, but was assured that such would not be necessary for her payments would be forth-*

*coming.* Two weeks subsequent to said assurances, Mr. Caulk died and her case was referred to Mr. Bob Dozier for processing. Mr. Dozier informed the complainant that they had more claims than they could process but that the claim would be referred to the Nashville office unto a Mr. Bushman who would contact her that Friday of that week. Mr. Bushman never contacted your complainant. The complainant then took the course of action of talking to Mr. Jarrell of the Montgomery County Nursing Home and to Mike Allen of the office of Budgeting and Accounting of Clarksville, Tennessee; *but that after being assured that Mr. Allen would assist your complainant,* he also never returned any calls or inquiries by your complainant.

VII

"On May 26, 1977, a Mr. Smith of the office of The Tennessee Company *came unto the complainant to make an offer of settlement to pay hospital bills and for the days lost by the complainant from her place of employment* but that, after refusal by the complainant to accept said offer, the defendants chose to rely upon the defense of the running of the statute of limitations. However, even after initially asserting said defense, The Tennessee Company requested a meeting to settle the claim to be set for June 14, 1977.

VIII

"By the facts stated, your complainant would show unto the court that the defendants are barred the use of the statute of limitations by virtue of their misrepresentation and fraud in continuously offering to settle the matter and continuously assuring that the matter would be handled without the necessity of hiring competent counsel and by never warning her of the limit in which time she had to bring to issue the matters between the parties.

### IX

"Furthermore, the complainant would show that by the misrepresentation of the defendants in this matter, the defendants are estopped to use the defense of the statute of limitations as a bar. By the delay and by offering to settle with the complainant and after the running of the statute of limitations, the defendants intended and thereby did, in fact, waive the statute of limitations in this case." [Emphasis added.]

Treating the facts alleged in the complaint as true, as we must for purposes of ruling upon the motion to dismiss, we hold that the defendants are estopped to rely upon the defense of the one year statute of limitations. *Giles County Bd. of Ed. v. Hickman,* Tenn., 547 S.W.2d 944 (1977); *Bellar v. Baptist Hospital, Inc.,* Tenn., 559 S.W.2d 788 (1978); *American Mutual Liability Insurance Co. v. Baxter,* 210 Tenn. 242, 357 S.W.2d 825 (1962).

In the *Hickman* case, *supra,* we stated the rule of estoppel as follows:

"We quote the substance of equitable estoppel as applied in workmen's compensation cases from *Baxter:*

'The doctrine of equitable estoppel is one of frequent application; and, in a proper case, may be invoked to estop a debtor to plead the statute of limitations. In *Saylor v. Trotter,* 148 Tenn. 359, 367, 368, 255 S.W. 590, 593, Chief Justice Green, speaking for the Court, referring to this doctrine, said:

"It is constantly growing, and is applied to new conditions as they arise. It is founded on good morals. It rests upon the necessity of requiring men to deal honestly and fairly with their fellow men.

" 'The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both.' "

*Dickerson v. Colgrove,* 100 U.S. 578, 25 L.Ed. 618.

' "What I induce my neighbor to regard as true is the truth as between us, if he has been misled by my asseveration." *Kirk v. Hamilton,* 102 U.S. 68, 26 L.Ed. 79.' 357 S.W.2d at 827."

547 S.W.2d at 946–47.

The facts in the instant case are substantially equivalent to those of the *Bellar* and *Hickman* cases; we, therefore, reach a similar conclusion and hold that the defendants are estopped to rely upon the statute of limitations.

What we have said about estoppel is with reference to plaintiff's first suit which was filed on July 27, 1977, approximately three and one-half months after the expiration of the one year period immediately following the accident which occurred on April 12, 1976. This first suit was voluntarily nonsuited on December 12, 1978, and the instant action was filed on May 1, 1979, the plaintiff relying upon the "saving statute," T.C.A., § 28–1–105, which provides as follows:

"If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one year after the reversal or arrest."

The defendants argue that even if the doctrine of estoppel is applicable and prevents their relying upon the statute of limitations with reference to the first suit, nevertheless, the above quoted "saving statute" does not apply because the plaintiff's first suit was not "commenced within the time limited by a rule or statute of limitation . . . ."

■ This Court has long been committed to the view that the "saving statute" is remedial and should be liberally construed

in furtherance of its purpose and in order to bring cases within its spirit and fair intention. *Nashville, C & St. L. Ry. v. Bolton,* 134 Tenn. 447, 184 S.W. 9 (1916); *Woods v. Palmer,* Tenn., 496 S.W.2d 474 (1973); *Brooksbank v. Roane County,* 207 Tenn. 524, 341 S.W.2d 570 (1960); *Balsinger v. Gass,* 214 Tenn. 343, 379 S.W.2d 800 (1964). We hold that the "saving statute," T.C.A., § 28–1–105, is available to a plaintiff who files his second action within one year of the voluntary nonsuit of his first suit even though that first suit was not filed within the period fixed by the appropriate statute of limitations, provided, the facts and circumstances are such that the defendant is estopped to assert that the filing of the first action was tardy. The estoppel has the legal effect of rendering the first action one which was "commenced within the time limited by a rule or statute of limitation . . . ."

The judgment of the trial court sustaining the motion to dismiss is reversed and this cause is remanded to that court for an evidentiary hearing upon the issues made up by the complaint and answer. Costs incurred on appeal are taxed against the appellees.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.