**WOODBRIDGE INOAC, INC., Appellant,**

v.

**Hudie Belle DOWNS; Hon. Eric D. Hall, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 92–CA–000887–WC.

Court of Appeals of Kentucky.

Oct. 22, 1993.

Bartley J. Colomb, Louisville, for appellant.

Judy L. Fritz, Louisville, for appellee, Hudie Belle Downs.

Before DYCHE, HOWERTON and JOHNSON, JJ.

JOHNSON, Judge:

In this case, Woodbridge INOAC, Inc. (Woodbridge) protests that the Workers' Compensation Board (Board) erred in reversing a decision of the Administrative Law Judge (ALJ). The ALJ had dismissed Hudie Belle Downs' (Downs) second claim for workers' compensation benefits on the grounds that it was barred by res judicata and by the statute of limitations. The Board held that the record in this case did not support the rulings of the ALJ and remanded for further proceedings. We affirm the Workers' Compensation Board.

This case involves the second of two claims made by Downs against Woodbridge. In the first case, Downs claimed that she had injured her right wrist, thumb and shoulder by slipping and falling on May 23, 1988. Downs filed her first claim against Woodbridge on January 23, 1989. In due course, an ALJ decided that Downs' injuries were not caused by the slip and fall, and denied her claim. That decision was affirmed on appeal to the Court of Appeals.[1]

While the first claim was on appeal, Downs then filed a second claim. The second claim specifically alleged that Downs had developed carpal tunnel syndrome in her left wrist

and hand as of October 10, 1988 as a result of overusing her left arm while compensating for her previous injury to her right arm. This second claim was dismissed, however, on the grounds that it was barred by the statute of limitations and res judicata.

Although the ALJ in the first case noted that Downs had complained of developing carpal tunnel syndrome in her left wrist and hand after the slip and fall, he did not say whether he believed that evidence or whether he thought any injury to the left side was work related. In fact, the only relevant factual finding by the ALJ was that Downs' injuries were not caused by the slip and fall of May 23, 1988. In the opinions affirming the ALJ, neither the Board nor the Court of Appeals made any mention of injuries other than those alleged to have been caused directly by the slip and fall.

On appeal, Woodbridge does not contest the Board's ruling that the ALJ erred in his application of the statute of limitations. *Cf. Randall Company/Randall Division of Textron, Inc. v. Pendland,* Ky.App., 770 S.W.2d 687 (1988). Thus, the only issue on appeal is whether the Board erred in holding that the ALJ erred in holding that Downs' second claim was barred by res judicata.

There are no Kentucky cases that resolve this issue. However, in 3 Larson, *The Law of Workmen's Compensation* § 79.72(f) (1993), we find the following:

It is almost too obvious for comment that res judicata does not apply if the issue is claimant's physical condition or degree of disability at two different times.... A moment's reflection would reveal that otherwise there would be no such thing as reopening for change in condition. The same would be true of any situation in which the facts are altered by a change in the time frame; for example, the inadequacy of a work search at an earlier period is not conclusive of the inadequacy of a work search at a later time.

Finally, res judicata does not apply if the issue at stake was not specifically decided in the prior proceeding or, even if decided,

---

1. 91–CA–1045, rendered June 26, 1992, not published.

was not essential to the final decision of the case. (footnotes omitted).

■ The difference in opinion between the ALJ and the Board in this case seems to stem from different views as to what constitutes a claim under the Workers' Compensation Act. The ALJ seems to have been of the view that occupational disability is the essence of a claim, so that a worker who makes a claim is obligated to support it with evidence pertaining to any and all injuries then known to the claimant. *Cf.* Larson, *supra,* § 79.72(f) (footnote 55.1). The Board seems to have been of the view that a claim must rest on particular ailments, and that a worker may present claims one ailment at a time, one after another, if she wishes. *Cf.* Larson, *supra,* 79.72(f) (footnote 56); CR 18.01 (a party "may" join independent actions in one claim for relief; not "shall"). There are sound policy considerations to support each view; but in light of the remedial purposes of the Workers' Compensation Act, the Board's view must prevail.

The record in the present case shows that Downs' claim of carpel tunnel syndrome on her left side was not fully litigated in the first proceeding. The decision of the ALJ in the first proceeding did not decide whether Downs had developed carpal tunnel syndrome on her left side after her slip and fall. Not only was the issue of Downs' disability on her left side due to the carpal tunnel syndrome "not specifically decided in the prior proceeding," but such a decision "was not essential to the final decision of the [first] case." *See* Larson, *supra,* at § 79.72(f). Therefore, the decision of the Workers' Compensation Board is affirmed and the case remanded for further proceedings.

HOWERTON, J., concurs.

DYCHE, J., dissents.