JEEP TRUCKING, INC., Appellant,

v.

Jess HOWARD; Special Fund; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 94-SC-564-WC.

Supreme Court of Kentucky.

Jan. 19, 1995.

John V. Porter, J.K. Wells, Paintsville, for appellant.

Samuel Ernest Begley, London, for appellee Howard.

Joel D. Zakem, Labor Cabinet, Special Fund, Louisville, for appellee Special Fund.

## OPINION OF THE COURT

Claimant injured his back at work on December 12, 1989, after which he stopped working. He received temporary, total occupational disability benefits from the date of the injury until December 26, 1990. A Form 101, which alleged that claimant was no longer able to work, was signed and notarized on January 30, 1991, but was not filed at that time. On June 26, 1991, utilizing the services of a different attorney than when preparing the injury claim, claimant filed a Form 102, which alleged that he had contracted coal workers' pneumoconiosis and listed his date of last exposure as December 12, 1989, the date of the injury. A hearing on the pneumoconiosis claim was held on February 5, 1992, at which time the Administrative Law Judge (ALJ) noted that claimant had sustained a back injury on the date of last exposure but had not filed a claim therefor and no motion to consolidate the first report of injury had been filed. Therefore, he decided to proceed with the case as an occupational disease claim, alone. The record indicates that the Form 101 for the back injury was filed on February 19, 1992. On March 24, 1992, an order was entered awarding claimant a 100% occupational disability on the pneumoconiosis claim. Subsequently, on April 15, 1992, the employer moved to consol-

idate the two claims and also moved to dismiss the injury claim because claimant had already been awarded total disability benefits and was not entitled to receive more. The two cases were consolidated for informational purposes only, and the motion to dismiss was passed to consideration of the ALJ to whom the case was permanently assigned.

The ALJ dismissed the injury claim, determining as follows:

A plaintiff may not prosecute differing claims of which he has knowledge in piece meal [sic] fashion. When filing a claim against an employer, there is a duty on the claimant to prosecute all claims he has against that employer of which he has knowledge. At the time plaintiff filed his coal workers' pneumoconiosis case on June 26, 1991 he knew of the December 19, 1989 injury and that the payment of temporary-total disability benefits for the injury had been terminated some six months earlier. The interrelationship of the two claims is important as the rights of other parties are also involved. Under Kentucky law the injury case is to be first paid and credited against the pneumoconiosis award. In the case of a 50/50 apportionment on the injury case, the liability of the Special Fund is reduced on the pneumoconiosis case. If, at this late date, plaintiff is belatedly permitted to prosecute his injury case, it would also require a reopening of the pneumoconiosis award.

The Workers' Compensation Board (Board) determined that the ALJ had abused his discretion in dismissing the injury claim for the reasons stated. The Board noted that, although piecemeal litigation is disfavored and not in the interest of judicial economy, there is nothing in the Workers' Compensation Act or regulations that requires the consolidation of injury and occupational disease claims. Claimant was entitled to have his injury claim fully adjudicated and to have his right to medical treatment for the injury established. Furthermore, if claimant was determined to have sustained combined occupational disabilities greater than 100%, the pneumoconiosis benefit should be offset to the extent of any disability attributable to the injury. *Estep Coal Company v. Ward,*

Ky., 421 S.W.2d 367 (1967); *Island Creek Coal Company v. Davis,* Ky.App., 761 S.W.2d 179 (1988); and *Beale v. Shepherd,* Ky., 809 S.W.2d 845 (1991). Therefore, the Board concluded that the case should be remanded to the ALJ for adjudication of the injury claim, for a reopening of the pneumoconiosis claim, and for consolidation of the two claims. Then, any liability for benefits should be assigned pursuant to *Beale v. Shepherd.*

Board Member Turner concurred but agreed with the ALJ that there is no good reason for a worker to maintain multiple claims where a consolidated action would accomplish the same result. He noted that "[j]udicial economy, apportionment, offset, credit, excess disability, and litigation costs are all considerations militating against splitting the cause of action." He believed that the problem would most appropriately be addressed by a change in the Board's rules of procedure or by an appellate decision which addressed the problem prospectively.

The Court of Appeals affirmed in an opinion that largely adopted the opinion of the Board. The court also stated its agreement with Board Member Turner that the problem of splitting workers' compensation claims called for rule changes, but concluded that it was for the legislature to rewrite the workers' compensation statutes and not the court.

We can only speculate about why claimant retained separate counsel to prosecute the injury and disease claims and why the injury claim was not filed until over a year after it was signed and notarized, at a time when adjudication of the pneumoconiosis claim was nearly complete. However, particularly under these circumstances, where both of the claims arose on the same day, whether medical benefits are awarded and extent of Special Fund liability for the resulting award should not be affected by the fact that claimant failed to consolidate the two claims.

▇▇▇ Contrary to the employer's argument that the principles of *res judicata* preclude reopening the pneumoconiosis claim, the pneumoconiosis claim had not been completely adjudicated when the injury claim was filed, and both claims were made under

different sections of Chapter 342. Therefore, we do not find the employer's argument to be persuasive. See, Larson, *The Law of Workmen's Compensation*, § 79.72(f); *Woodbridge INOAC, Inc. v. Downs*, Ky.App., 864 S.W.2d 306 (1993). As noted by the ALJ, although both claims arose on the same date, no claim was filed for the injury before the pneumoconiosis claim was taken under submission. Therefore the issue of combined disability did not arise until after that time, when the injury claim was filed. Under those circumstances, we believe that the "mistake" provision in the reopening statute is broad enough to allow for reopening the pneumoconiosis award in order that a proper combined award could be made. See KRS 342.125(1).

We believe that the result reached by the Board and the Court of Appeals was correct, given the circumstances present and the ALJ's rationale for dismissing the injury claim. However, we also agree with Board Member Turner that the piecemeal litigation of workers' compensation claims is counterproductive. Particularly under the present circumstances where both claims arose on the same day, workers should consolidate the claims so that they may be considered together. Therefore, we would urge the legislature to consider enacting a provision which addresses the problems caused by the piecemeal litigation of workers' compensation claims. Accordingly, the decision of the Court of Appeals is affirmed. The case is hereby remanded to the ALJ for an adjudication of the injury claim, a reopening and consolidation of the pneumoconiosis claim with the injury claim, and for the entry of an appropriate combined award.

All concur.