**Thomas RIDGE, Appellant,**

v.

**VMV ENTERPRISES, INC.; Hon. Thomas A Nanney, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2002–SC–0853–WC.

Supreme Court of Kentucky.

Sept. 18, 2003.

John T. Carneal, Paducah, Counsel for Appellant.

Lyn A. Douglas, Clark Ward & Cave, Louisville, Counsel for Appellee.

**OPINION OF THE COURT**

KRS 342.270(1) requires the joinder of all known causes of action against the named employer during the pendency of a workers' compensation claim. After sustaining a work-related knee injury in 1998 and a work-related back injury in 1999, the claimant filed an application for benefits with respect to the knee injury and settled

the claim. Subsequently, he filed an application with respect to the back injury. In a decision that was affirmed by the Workers' Compensation Board (Board) and the Court of Appeals, an Administrative Law Judge (ALJ) dismissed the claim on the ground that the claimant had failed to join it during the pendency of the knee injury claim as required by KRS 342.270(1). We affirm.

In July, 1998, the claimant sustained a work-related injury to his left knee. He returned to light-duty work, and on April 13, 1999, he sustained a work-related lower back injury. A November 3, 1999, letter from the employer's carrier to the claimant's attorney proposed that the parties settle the knee injury claim "and concentrate on the back claim." The claimant filed an application for benefits with respect to the knee injury on April 19, 2000. In August, 2000, he and the employer agreed to settle the claim, and an ALJ approved their agreement. It made no reference to the back injury, and on February 26, 2001, the claimant filed an application for benefits with respect to that injury. He had not returned to work since the back injury and maintained that he could not do so until after he underwent a surgery that his physician proposed. The employer denied the claim and filed a special answer in which it asserted that the claim was barred by KRS 342.270(1).

At the hearing, the parties stipulated that the employer paid temporary total disability (TTD) benefits with respect to the back injury from May 11, 1999, to June 17, 1999, and from November 8, 1999, to December 26, 1999, for a total of $10,653.22. They also stipulated that the knee and back injury claims were separate and that the employer had paid separate TTD and medical benefits with respect to the two claims. The ALJ noted that although the claimant was clearly aware of his back injury when settling the knee injury claim, he did not seek to join the claims. After stating that the burden was on the claimant to comply with KRS 342.270(1) between the date of the back injury and the date upon which the knee injury claim was settled, the ALJ determined that the claim for the back injury must be dismissed.

In a petition for reconsideration, the claimant asserted that the ALJ had misinterpreted KRS 342.270(1), arguing that the provision required joinder of all claims arising out of the same incident, not joinder of all claims. He also complained that the ALJ had failed to address his argument that because the employer agreed to bifurcating the claims, it was estopped from relying upon KRS 342.270(1) as a basis for seeking dismissal of the back injury claim. See Carroll County Memorial Hospital v. Yocum, Ky., 489 S.W.2d 246 (1972). He requested that the entire claim be reconsidered, including the issues that were not addressed. After the petition was summarily denied, he appealed, but the Board and the Court of Appeals affirmed.

■ Appealing, the claimant emphasizes that he suffered different injuries on different occasions and asserts that KRS 342.270(1) applies separately to each incident. In the alternative, he maintains that because the employer's carrier proposed settling the knee claim, it agreed to bifurcating the claims and is estopped from relying upon KRS 342.270(1) as a basis to dismiss the back claim. He also asserts that the ALJ erred by failing to consider the question of estoppel, by failing to make specific findings on the matter when asked, and by dismissing the back claim without addressing all of the contested issues.

KRS 342.270(1) provides, in pertinent part, as follows:

When the application is filed by the employee or during the pendency of that claim, he shall join all causes of action against the named employer which have accrued and which are known, or should reasonably be known, to him. Failure to join all accrued causes of action will result in such claims being barred under this chapter as waived by the employee.

The portion of KRS 342.270(1) that is presently at issue was adopted effective December 12, 1996, as part of a comprehensive revision of Chapter 342. Until the adoption of KRS 342.270(1), workers were permitted to file multiple claims and were not required to join them, even when the claims resulted from the same accident. *Woodbridge INOAC, Inc. v. Downs,* Ky. App., 864 S.W.2d 306 (1993). In *Jeep Trucking, Inc. v. Howard,* Ky., 891 S.W.2d 78 (1995), we were faced with a problem that resulted from the separate litigation of overlapping injury and occupational disease claims that resulted in awards in excess of the maximum for total disability. After noting considerations such as judicial economy, minimizing litigation costs, and the fact that a proper resolution of issues such as apportionment, offset, credit, excess disability, and overlapping disability require the consideration of all relevant claims together, we urged the enactment of legislation to address the problems created by the piecemeal litigation of workers' compensation claims. *Id.* at 79–80. The amendment's apparent purpose was to do so.

The language of KRS 342.270(1) is clear, unequivocal, and mandatory, both with respect to a worker's obligation to join "all causes of action" against the employer during the pendency of a claim and with respect to the penalty for failing to do so. Under KRS 342.270(1), it is immaterial that the claimant's knee and back injuries arose at different times, involved separate claims, and were treated by the parties as separate matters. Once he filed a claim for the knee injury, KRS 342.270(1) required him to file and join the claim for the back injury before the knee injury claim was settled.

■ We are not persuaded that by sending a letter to encourage settlement of the knee injury claim so that the parties could concentrate on the back injury or that by paying separate TTD benefits for the two injuries, the employer or its carrier engaged in conduct that warranted an estoppel. The injuries occurred at different times and affected different parts of the claimant's body. At the time that the letter was sent, no claim had been filed for either injury. Although TTD benefits continued to be paid for the back injury at that point, the parties stipulated that they ceased shortly thereafter on December 26, 1999. The knee injury claim was not filed until April 19, 2000. Contrary to the claimant's assertion, there is no indication in the record that any TTD benefits for the back injury were paid after the knee injury claim was filed.

Unlike the situation in *Carroll County Memorial Hospital v. Yocum, supra,* nothing in the employer's letter referred to the filing of a claim or indicated that the claimant need not be concerned with the filing requirements or periods of limitations with respect to the injuries. Thus, we fail to see how the employer's conduct could reasonably have misled the claimant into thinking that it was unnecessary to file a claim for the back injury and to join that claim during the pendency of the knee injury claim. For that reason, we are not convinced that the employer was estopped from relying upon KRS 342.270(1).

In view of our conclusions that KRS 342.270(1) required joinder and that the employer's conduct did not warrant an estoppel, we also conclude that the ALJ did

not err in dismissing the back injury claim. Under those circumstances, the entire claim was barred, and questions concerning the claimant's entitlement to medical benefits and additional TTD benefits were moot. For that reason, we find no error in the ALJ's failure to address those issues.

The decision of the Court of Appeals is affirmed.

All concur.