**BUTLER'S FLEET SERVICE,**
Appellant

v.

Earl **MARTIN**; Hon. **Richard Joiner,** Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2004–CA–002587–WC.

Court of Appeals of Kentucky.

Sept. 23, 2005.

W. Barry Lewis, Hazard, KY, for Appellant.

Miller Kent Carter, Pikeville, KY, for Appellee Earl Martin.

Before DYCHE, SCHRODER, and VANMETER, JUDGES.

## OPINION

VANMETER, Judge.

Butler's Fleet Service (Butler's Fleet) petitions for the review of an opinion of the Workers' Compensation Board (Board) reversing the decision of an Administrative Law Judge (ALJ) not to allow Earl Martin to amend his Application for Resolution of Injury Claim (Form 101) to include a psychological overlay claim. For the reasons stated hereafter, we reverse and remand the Board's opinion.

Martin worked as a garage attendant at Butler's Fleet. On September 9 or 10, 2002, Martin injured his lower back while putting a truck on a lift at the garage. Martin filed a Form 101 on August 13, 2003, alleging injury to his lower back. An ALJ subsequently dismissed this claim without prejudice pursuant to Martin's own motion. Martin then filed a second Form 101 on February 6, 2004, again alleging injury to his lower back. A scheduling order was entered on March 24 setting a 60/30/15 day time for proof,[1] and

---

1. As more fully discussed herein, 803 KAR 25:010 sec. 8(2) sets forth the standard dis-

further setting a Benefit Review Conference (BRC) for July 13. Martin's request that his time for proof be extended to the date of the BRC was filed on June 1. In support thereof, Martin indicated that he had scheduled a psychiatric evaluation on June 18, "the earliest opening available in the doctor's schedule," and further that he was attempting to schedule Dr. Martin's deposition. By order dated June 17, the ALJ passed Martin's motion for extension of time to the BRC.

During the July 13 BRC, Martin moved to amend his claim to include a psychological overlay claim. Although the motion had no supporting documentation, Martin asserted that Dr. Martin's deposition, which had been taken but not yet transcribed, would support such a claim. The ALJ reserved judgment on the issue to allow Butler's Fleet time to file a written objection to the motion. Martin subsequently filed Dr. Martin's deposition on July 22, as well as a third Form 101, alleging psychological problems, on July 23. Butler's Fleet filed a response in opposition to Martin's motion to amend on July 26, asserting that Martin's claim was not supported by a medical report and was otherwise without merit. At the final hearing on July 27, the ALJ orally overruled Martin's motion to amend, stating

> nothing that I have heard is anything that could not have been discovered before the filing of the claim. The claim could have then proceeded in its entirety if it were filed to requite this portion of the claim.

Martin then filed the psychiatric report by avowal, and the hearing proceeded regarding Martin's lower back injury.

On August 19, the ALJ issued an opinion awarding Martin temporary total disability benefits at the rate of $319.27 per week, from September 11, 2002, through July 22, 2003, and thereafter permanent partial benefits of $10.38 per week for a period not to exceed 425 weeks so long as Martin remains disabled. Moreover, the ALJ specifically declined to address Martin's third Form 101, noting that he previously had overruled Martin's motion to amend his claim. Butler's Fleet formally moved to dismiss Martin's third claim on August 23, and after he responded, Martin appealed the matter to the Board on September 1.

The Board affirmed the ALJ's award regarding Martin's back injury but reversed the ALJ's refusal to allow Martin to amend his claim. In so reversing, the Board found that the causal connection between Martin's psychological distress and his work injury was not readily apparent since some portion of the psychological distress preceded the injury. The Board characterized this causation issue as purely medical and held that Martin was not required to self-diagnose his condition.[2] The Board concluded that Martin did not become aware of the causal connection until Dr. Martin's deposition was taken on June 9, 2004, and that Martin's motion to amend submitted on July 14 and his third Form 101 therefore were timely.

One member of the Board dissented, asserting that the ALJ did not abuse his

covery schedule in workers' compensation proceedings: both parties take proof for 60 days, then the defense for 30 days, then the plaintiff for 15 days.

**2.** In so holding, the Board likened the causation of Martin's psychological distress to the causation of a gradual injury, which the Ken-

tucky Supreme Court discussed in *Hill v. Sextet Mining Corp.*, 65 S.W.3d 503, 507 (Ky. 2001). The *Sextet Mining* court held that the claimant was not required to give notice of his gradual workplace injury until his doctor informed him of the injury. *Id.*

discretion in finding that Martin failed to use reasonable diligence in bringing his psychological claim. The dissenting member reasoned that KRS 342.270(1) does not "give a claimant unfettered discretion to omit from his initial application a cause of action which is known to him *or should reasonably be known to him* when he files his initial application" (emphasis in original). The member concluded that because Martin listed "anti-depressants" and "nerve medication" as part of his medical treatment on his first two Form 101s, Martin knew or should have known of the psychological claim at that time, and that he lost the claim when he did not allege it in his first two Form 101s.

Butler's Fleet subsequently filed this petition for review, asserting that the Board erred by finding that the ALJ abused its discretion in denying Martin's motion to amend his Form 101 to include a psychological overlay claim, as substantial evidence supported the ALJ's decision. We agree.

KRS 342.285 governs the Board's review of an ALJ's decision and states that the Board "shall not substitute its judgment for that of the administrative law judge as to the weight of evidence on questions of fact[.]"[3] More specifically, the Board's review is limited to whether the ALJ's decision was authorized, procured by fraud, in conformity with the workers' compensation statutes, clearly erroneous, or arbitrary or capricious.[4] Our role on appeal "is to correct the Board only when we perceive that the Board has overlooked or misconstrued controlling law or committed an error in assessing the evidence so flagrant as to cause gross injustice."[5]

KRS 342.270(1) provides as follows:

If the parties fail to reach an agreement in regard to compensation under this chapter, either party may make written application for resolution of claim. The application must be filed within two (2) years after the accident, or, in case of death, within two (2) years after the death, or within two (2) years after the cessation of voluntary payments, if any have been made. When the application is filed by the employee or during the pendency of that claim, he shall join all causes of action against the named employer which have accrued and which are known, or should reasonably be known, to him. Failure to join all accrued causes of action will result in such claims being barred under this chapter as waived by the employee.

KRS 342.270(3) further authorizes the Commissioner of the Department of Workers' Claims to "promulgate administrative regulations establishing procedures for the resolution of claims." Accordingly, 803 KAR 25:010 specifies the procedure for the adjustment of workers' claims. The time for proof in a claim adjustment begins on the date the commissioner issues a scheduling order, to proceed as follows: both parties shall take proof for 60 days, then the defendants shall take proof for an additional thirty 30 days, then the plaintiff shall take rebuttal proof for an additional 15 days.[6] The regulations also state that any motion requesting that the time for proof be extended "shall be filed no later

---

3. KRS 342.285(2).

4. *Id.*

5. *Wal–Mart v. Southers,* 152 S.W.3d 242, 245 (Ky.App.2004) (*citing Daniel v. Armco Steel Co.,* 913 S.W.2d 797, 798 (Ky.App.1995), *quoting Western Baptist Hospital v. Kelly,* 827 S.W.2d 685, 687–688 (Ky.1992)).

6. 803 KAR 25:010 sec. 8(1), 8(2). The scheduling order in the matter now before us set forth this standard timeline for proof.

than five (5) days before the deadline sought to be extended"[7] and must set forth the following information: the efforts to produce the evidence in a timely manner; facts which prevented timely production; and the date of availability of the evidence, the probability of its production, and the materiality of the evidence.[8] Significantly, a motion for extension of time for proof *"may* be granted upon showing of circumstances that prevent timely introduction."[9] Thus, the moving party has the burden of persuading the ALJ that he should be awarded additional time for proof; moreover, the ALJ has the discretion to determine whether to award the additional time.

█ In the matter now before us, Martin's initial 60–day discovery period began on March 24, 2004, thereby ending on or about May 23. As Martin's motion to extend his time for proof was not filed until June 1, he did not satisfy the 803 KAR 25:010 sec. 15(2) requirement that such a motion must be filed within five days before the deadline sought to be extended. Additionally, Martin's June 1 motion for an extension of time for proof stated that he had scheduled a psychiatric evaluation for June 18, which was "the earliest opening available in the doctor's schedule," that he was attempting to schedule Dr. Martin's deposition, and that these evaluations were necessary to determine *his restrictions and impairments.* Essentially, Martin's motion was based on nothing more than scheduling difficulties, and the ALJ did not err in finding that these assertions did not meet the stan-

dards set forth in 803 KAR 25:010 sec. 15(3).[10]

The holding in *Cornett v. Corbin Materials, Inc.*[11] supports our conclusion. The *Cornett* court held that because the claimant had taken no discovery "within 60 days and the motion for extension of time was not made within 5 days of the deadline sought to be extended, the ALJ did not abuse her discretion in dismissing the claim."[12] Although Martin correctly notes that *Cornett* is distinguishable from the matter now before us because Martin offered proof regarding his lower back injury within his initial 60–day time for proof, the *Cornett* rationale nevertheless is persuasive because the only proof Martin produced regarding his psychological claim in his initial 60–day time for proof was Dr. Martin's notes, which Martin characterizes on appeal as "contain[ing] indicators of psychiatric treatment." However, Martin did not assert a psychological claim in his initial 60–day time for proof. Accordingly, the ALJ did not abuse his discretion in overruling Martin's motion to amend his claim, and the Board erred in reversing the ALJ's decision.

█ We are not persuaded by Martin's contention that KRS 342.270 compels a different result by requiring a workers' compensation claimant to join, during the pendency of his claim, "all causes of action against the named employer which have accrued and which are known, or should reasonably be known, to him[,]" as that statute does not provide a claimant with a means of bringing his claim. Instead, under the statute, if a claimant fails to join

7. *Id.* at sec. 15(2).

8. *Id.* at sec. 15(3).

9. *Id.* at sec. 15(1) (emphasis added).

10. This is especially true since Martin had not even scheduled Dr. Martin's deposition when

he filed his motion for additional time for proof on June 1 but took Dr. Martin's deposition on June 9.

11. 807 S.W.2d 56 (Ky.1991).

12. *Id.* at 59–60.

such a cause of action he will be barred from later bringing the claim. "The language of KRS 342.270(1) is clear, unequivocal, and mandatory, both with respect to a worker's obligation to join 'all causes of action' against the employer during the pendency of a claim and with respect to the penalty for failing to do so." [13]

 Nor are we persuaded that the two-year statute of limitations for workers' compensation claims as set forth in KRS 342.185 compels a different result. Hypothetically, a workers' compensation claimant could file a Form 101 and have the claim resolved within one year. Although KRS 342.185 would seem to provide the claimant with another year in which to bring claims arising out of the same incident, KRS 342.270(1) in fact would bar the claimant from bringing any additional claims arising out of the same incident. Thus, the two-year statute of limitations for workers' compensation claims is not absolute and does not render arbitrary or capricious the ALJ's decision not to allow Martin to amend his claim.

The opinion of the Workers' Compensation Board is reversed, and this matter is remanded to the Board for reinstatement of the ALJ's opinion and award.

DYCHE, Judge, concurs.

SCHRODER, Judge, dissents.

---

13. *Ridge v. VMV Enterprises, Inc.*, 114 S.W.3d 845, 847 (Ky.2003).